GIBSON v. McDONALD.

(Supreme Court, Appellate Division, First Department. June 3, 1910.)

1. CORONERS (§ 8*)—POWERS.
    A "coroner," in certain classes of cases, is a magistrate, with power to hold examinations, issue warrants, and commit or discharge a person suspected of crime.
    [Ed. Note.—For other cases, see Coroners, Cent. Dig. § 11; Dec. Dig. § 8.*
    · For other definitions, see Words and Phrases, vol. 2, pp. 1600–1601.]

2. FALSE IMPRISONMENT (§ 20*)—DEFENSES—ANSWER.
    In an action against a coroner for false arrest and imprisonment, as the result of an investigation by him as to the probable cause of a decedent's death, the coroner, being an officer of limited and restricted jurisdiction, was entitled to plead specifically, both in justification and mitigation of damages, the facts leading up to the issue of the warrant which defendant claimed it would be necessary to prove to establish the validity of the warrant and his right to issue it.
    [Ed. Note.—For other cases, see False Imprisonment, Dec. Dig. § 20.*]

3. PLEADING (§ 364*)—REDUNDANT MATTER—ORDER TO STRIKE.
    An order to strike out matter as redundant is not a substitute or an alternative for a demurrer, and is unavailable to eliminate an entire defense, even though it is insufficient in law.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1156–1162; Dec. Dig. § 364.*]

4. PLEADING (§ 367*)—SEPARATE DEFENSES—DISTINCTION.
    Designation of matter in an answer as "a fifth and further answer," instead of "defense," was too trivial a defect to justify an appeal to the court to correct it by a motion to make more definite and certain.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1173–1193; Dec. Dig. § 367.*]

5. PLEADING (§ 365*)—CORRECTION—CONDITION.
    An order sustaining a motion to strike out parts of an answer improperly provided that defendant was "permitted" to serve an amended an-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

swer, omitting the stricken matter, and pay plaintiff's taxable costs to date, and in default for his so doing the whole answer should be stricken out. *Held*, that the provision, while permissive in form, was coercive in effect, and erroneously amounted to an imposition on plaintiff of all the costs of the action as costs of the motion.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 365.*]

Appeal from Special Term, New York County.

Action by Burton W. Gibson against Robert F. McDonald. From an order granting a motion to strike out portions of defendant's answer as scandalous and redundant, and directing that the fifth and partial defense be made more certain, defendant appeals. Reversed, and motion denied.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

Theodore Connoly, for appellant.
Albert A. Wray, for respondent.

SCOTT, J. The defendant appeals from an order striking out portions of his answer as scandalous and redundant, and requiring him to make one paragraph thereof more definite and certain. The action is for damages for false arrest and imprisonment. The defendant is one of the coroners of the city of New York, and the arrest of which plaintiff complains was upon a warrant issued by defendant, as coroner, as the result of an investigation conducted by him as to the probable cause of the death of one Alice C. D. Kinnan.

A coroner is, in certain classes of cases, a magistrate, with power to hold examinations, issue warrants, and commit or discharge a person suspected of crime (People v. Jackson, 191 N. Y. 293–297, 84 N. E. 65, 15 L. R. A. [N. S.] 1173), and the Code of Criminal Procedure, in force when plaintiff was arrested, provided when and under what circumstances it was the duty of a coroner to issue such a warrant. Being an officer of limited and restricted jurisdiction, it was proper for defendant to specifically plead, both in justification and in mitigation of damages, the facts leading up to the issue of the warrant, and which defendant considers that it will be necessary to prove in order to establish the validity of the warrant and the right of the defendant to issue it. This the defendant has attempted to do in the portions of the answer which have been stricken out. The order appealed from strikes out in toto three separate defenses of the character above described. Practically the only ground on which it is sought to sustain this order is that the matters stricken out are insufficient as defenses. This is wholly untenable. An order to strike out as redundant is not a substitute or alternative for a demurrer, and it is too well settled to justify further discussion here that an entire defense, even though it be insufficient in law, cannot be stricken out as irrelevant, redundant, or scandalous. Stroock Plush Co. v. Talcott, 129 App. Div. 14–18, 113 N. Y. Supp. 214; Tierney v. Helvetia-Swiss Fire Ins. Co., 129 App. Div. 694, 114 N. Y. Supp. 139.

The fifth separate defense, being a plea in mitigation of damages, is ordered to be made more definite and certain "by being properly

defined and entitled"; the apparent objection to it being that it is termed "a fifth and further answer," instead of "defense." This was a perfectly obvious clerical error, which could by no possibility prejudice or mislead the plaintiff, and constituted too trivial a defect in the pleading to justify an appeal to the court to correct it.

The order contains an unusual and quite unauthorized direction as to costs. The defendant is "permitted" to serve an amended answer, omitting the matter stricken out by the order appealed from, and to pay plaintiff's taxable costs to date, and in default of so doing the whole answer is stricken out. While permissive in form, this provision is coercive in effect, and amounts to the imposition upon plaintiff of all the costs of the action as costs upon the motion.

The order appealed from is reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

Theodore Connoly, for appellant.
Albert A. Wray, for respondent.

