defined and entitled"; the apparent objection to it being that it is termed "a fifth and further answer," instead of "defense." This was a perfectly obvious clerical error, which could by no possibility prejudice or mislead the plaintiff, and constituted too trivial a defect in the pleading to justify an appeal to the court to correct it.

The order contains an unusual and quite unauthorized direction as to costs. The defendant is "permitted" to serve an amended answer, omitting the matter stricken out by the order appealed from, and to pay plaintiff's taxable costs to date, and in default of so doing the whole answer is stricken out. While permissive in form, this provision is coercive in effect, and amounts to the imposition upon plaintiff of all the costs of the action as costs upon the motion.

The order appealed from is reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

---

GIBSON v. SCHWANNECKE.

(Supreme Court, Appellate Division, First Department.   June 3, 1910.)

Appeal from Special Term, New York County.

Action by Burton W. Gibson against Albert F. Schwannecke. From an order granting plaintiff's motion to strike out, as scandalous and redundant, portions of the amended answer, and directing that the fifth and partial defense be made more certain, defendant appeals.   Reversed and denied.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Theodore Connoly, for appellant.
Albert A. Wray, for respondent.

SCOTT, J.   Order appealed from reversed, with $10 costs and disbursements, and motion denied, with $10 costs. for the reasons stated in Gibson v. McDonald (decided herewith) 123 N. Y. Supp. 504.   All concur.

---

PEOPLE ex rel. KEATING et al. v. BINGHAM, Police Com'r.

(Supreme Court, Appellate Division, First Department.   June 3, 1910.)

CERTIORARI (§ 24*)—SUBJECTS OF RELIEF—ADMINISTRATIVE ACTS.
      Certiorari does not lie to review the action of the police commissioner, under New York City Charter (Laws 1901, c. 466) § 343, in revoking a license of an engineer; the granting and revocation of such licenses being administrative, and not judicial, acts.
      [Ed. Note.—For other cases, see Certiorari, Cent. Dig. § 37; Dec. Dig. § 24.*]

Certiorari by the People, on the relation of William Keating and others, to review the action of Theodore A. Bingham, Police Commissioner of the City of New York, in revoking the license of relators as engineers.   Writ quashed, and proceeding dismissed.

See, also, 122 N. Y. Supp. 1141.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, and CLARKE, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes