(80 Misc. Rep. 414.)

BURNSIDE v. INDRA LINE, Limited.

(Supreme Court, Appellate Term, First Department. April 21, 1913.)

1. SHIPPING (§ 132*)—ACTION FOR DAMAGES TO GOODS—PLEADINGS AND ISSUES.

Where a bill of lading of goods for carriage by sea stipulated that the provision that the contract should be governed by British law should be eliminated upon shipment to the United States, the carrier, in an action for delivery in a damaged condition, who admitted such stipulation and that the shipment was to the United States, would not be entitled to introduce evidence in support of allegations in its answer that the bill of lading provided that it should be governed by British law.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 471–487; Dec. Dig. § 132.*]

2. PLEADING (§ 354*)—STRIKING OUT REDUNDANT MATTER—ENTIRE DEFENSE—STATUTES.

Under Code Civ. Proc. § 545, providing that irrelevant, redundant, or scandalous matter contained in a pleading may be stricken out upon the motion of the person aggrieved, the court could not strike out an answer in an action for damages to goods carried by sea, setting up as a separate defense certain clauses of the bill of lading providing that the contract should be governed by British law, since the statute does not authorize the striking out of an entire plea or defense, even though insufficient in law.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1092–1095; Dec. Dig. § 354.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeals from City Court of New York, Special Term.

Action by Frederick W. Burnside against the Indra Line, Limited. From an order of the City Court of the City of New York, striking out part of the sixteenth paragraph of the answer as irrelevant and redundant, requiring it to be made more certain and definite, and denying a motion to strike out the seventeenth paragraph of the answer as irrelevant and redundant, the parties bring cross-appeals. Modified and affirmed.

Argued April term, 1913, before GUY, GERARD, and PAGE, JJ.

Hunt, Hill & Betts, of New York City (Geo. Whitefield Betts, Jr., and· John W. Crandall, both of New York City, of counsel), for plaintiff.

Convers & Kirlin, of New York City (John M. Woolsey and L. De Grove Potter, both of New York City, of counsel), for defendant.

GUY, J. This is an action by the assignors of a consignor of imported goods against a steamship company for delivering the consignment in a damaged and unsound condition. The complaint sets forth· the bills of lading, and, after alleging shipment of the consignment to the United States and its arrival in Boston, Mass., sets forth the agreement in the bills of lading that the Harter Act (Act Feb. 13, 1893, c. 105, 27 Stat. 445, 4 Fed. St. Ann. p. 854 [U. S. Comp. St. 1901, p. 2946]), which provides in substance that a carrier may not exempt itself from liability for negligence in the loading, stowage, care, and custody of merchandise with which it is intrusted, shall govern the stipulations therein, when the merchandise is carried to the United States, and that any stipulation contrary to the provisions of Congress, and especially the Harter Act, shall in that event be inoperative. The answer denies damage arising from defendant's negligence, expressly admits in the sixth paragraph that the stipulation above referred to is in the bills of lading, and in the sixteenth paragraph sets up as a separate defense certain clauses of the bills of lading exonerating the·defendant from liability, and providing that the contract shall be governed by British law.

The order appealed from strikes out the words "or otherwise" in paragraph 16 of the answer relating to such exemptions, and also the words, "This contract shall be governed by British law, except that," as irrelevant and redundant, pursuant to section 545 of the Code of Civil Procedure. The order also denies plaintiff's motion to strike out as irrelevant and redundant all of paragraph 17 of the answer, which sets up as a separate defense that the contract is to be governed by British law, and further directs that the answer be made more definite and certain, in that the defendant, instead of alleging the excepted clauses of the bills of lading, as it has done under subdivisions 1 and 2 of said sixteenth paragraph, should allege each affirmative defense, which should be separately numbered and contain a statement of the facts constituting such defense in ordinary and concise language, without repetition. The order further denies plaintiff's motion for a bill of particulars, without prejudice to a renewal thereof.

[1, 2] The parties having, by their own act, stipulated in the bills

of lading that the provisions thereof set forth in the sixteenth paragraph of the answer should, upon shipment to the United States, which is admitted in the answer, be eliminated from the contract, the contract as so amended is to be deemed the contract between the parties, and upon the trial of the action the defendant, under the admissions contained in the answer, would not be entitled to introduce evidence in support of such allegations. Yet, though it is evident the denial of the motion to strike out may work great hardship and injustice to the plaintiff, in forcibly compelling him to go to the expense of taking by commission evidence which will be inadmissible on the trial, under the established rules of law governing the striking out of separate pleas as redundant and irrelevant, the order, so far as it strikes out the separate defense in the sixteenth paragraph, cannot be sustained.

"Section 545 of the Code of Civil Procedure does not authorize a motion to strike out an entire pleading or plea as irrelevant or redundant matter, but only irrelevant or redundant matter contained therein." Stroock Plush Co. v. Talcott, 129 App. Div. 14, 113 N. Y. Supp. 214.

"An entire defense, even though insufficient in law, cannot be stricken out as irrelevant, redundant, or scandalous." Gibson v. McDonald, 139 App. Div. 51, 123 N. Y. Supp. 504.

The order must therefore be modified, so as to deny the motion to strike out portions of the sixteenth paragraph of the answer, and, as so modified, affirmed, with $10 costs and disbursements of appeal to the defendant appellant. All concur.