ADOLPH BULOVA, Respondent, *v.* E. L. BARNETT, INC., Appellant.

First Department, July 9, 1920.

Pleadings — answer — action on assigned claims — separate defenses containing general denials — when denials should be stricken out — scandalous matter not constituting defenses — when defense must be tested by demurrer and not stricken out as irrelevant and redundant — negative pregnant — rules for pleading affirmative defenses stated.

Where the plaintiff sues on an assigned claim, and the defendant, while admitting that certain services were rendered and materials furnished by the assignor, denies each and every other allegation of the complaint, the defendant is not entitled to incorporate such general denials in separate defenses subsequently pleaded and such denials will be stricken out on motion.

An entire defense, even though it be insufficient in law, cannot be stricken out as irrelevant and redundant, but immaterial facts which could not

properly be received in evidence and which are incorporated in an answer solely to insult the plaintiff and not to protect the defendant may be stricken out on motion as scandalous.

While the sufficiency of a defense must be tested by demurrer and not by a motion to strike out, yet where scandalous matter has been inserted in an answer solely to insult the plaintiff, the plaintiff is not required to admit the scandalous matter by demurrer, but such answer, although alleged as a separate defense, may be stricken out as scandalous.

Where the defendant, as a separate defense, attempts to allege that the assignment to the plaintiff is void, being in contravention of section 66 of the Stock Corporation Law, the sufficiency of the defense must be tested by demurrer and it cannot be stricken out as irrelevant and redundant on motion, even though the allegations be not sufficient to constitute a defense.

A separate defense, which alleges payment to and an account stated with the plaintiff's assignor prior to notice of assignment, should not also plead a general denial which will be stricken out on motion.

Where the defendant alleges in a separate defense that payment was made to the plaintiff's assignor before notice of any " valid " assignment, there is a negative pregnant and the defendant will be required to make the defense definite and certain.

The rule is well stated that a general denial in an affirmative defense is always improper and that a specific denial cannot be included in an affirmative defense unless essential to make that defense complete and available. Therefore, general denials and unnecessary specific denials may be stricken out of affirmative defenses. As a corollary to this rule, where there is an allegation of fact in the complaint which if admitted would defeat the defense, a specific denial of that fact in the separate defense is proper, and such a denial cannot be stricken out.

The above rules apply to denials in affirmative defenses which are statements of new matter constituting a defense and not to allegations of matter provable under a general or specific denial which are sometimes denominated negative defenses.

APPEAL by the defendant, E. L. Barnett, Inc., from that part of an order and determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 15th day of March, 1920, modifying an order of the City Court of the City of New York.

*Nathan G. Goldberger* of counsel [*Paul M. Crandell* with him on the brief], *Frederick W. Sparks,* attorney, for the appellant.

*George Cohen* of counsel [*Sanford H. Cohen,* attorney], for the respondent.

PAGE, J.:

The questions directly involved in this case were quite simple and were correctly decided by the Appellate Term (111 Misc. Rep. 150). We would be content to affirm the determination with a minor modification without opinion were it not for the fact that the learned justices of that court have sent the case here for review and have written a long opinion with the purpose of formulating certain rules with reference to Code pleadings, and evidently desire an expression of opinion from this court upon the subject of the opinion.

The action was brought on an assigned claim for $1,416.80, the agreed price and reasonable value of certain work, labor and services performed and materials furnished at the special instance and request of the defendant by the plaintiff's assignor, the S. S. Corporation.

The answer in the 1st paragraph " denies each and every allegation contained in paragraphs marked Third, Fourth, Fifth and Sixth of plaintiff's complaint, except admits that certain services were rendered and materials furnished by the S. S. Corporation for this defendant." In other words, the incorporation of the defendant and the steamship corporation are admitted and that certain services were rendered and materials furnished by the S. S. Corporation for the defendant, but each and every other allegation of the complaint is denied. The answer then sets up five separate defenses, in each of which the 1st paragraph of the answer is repeated verbatim. The plaintiff moved: 1. To strike out the paragraph which incorporated the denials in each separate defense. 2. To make definite and certain the allegations in the first and second defenses wherein it states " that such payment [from defendant to plaintiff's assignor] was made prior to notice to it [defendant] of any valid assignment, and to any valid assignment to plaintiff by the S. S. Corporation," in that it is not apparent whether the defendant means to plead that it received a notice of a valid assignment after having paid the money, or whether it never received any notice of an assignment, or whether it received a notice of assignment but wishes to allege that the assignment itself was defective. 3. To strike out as irrelevant, redundant and scandalous paragraphs 11, 12 and 13 contained in the fourth defense. 4. To

strike out as irrelevant paragraph 16 contained in the fifth defense.

This motion was denied in the City Court, except that the defendant should make definite and certain its second defense by stating whether or not it received any notice of assignment. The Appellate Term modified the order by striking out all the denials in the separate defenses and also the allegations in the 11th, 12th and 13th paragraphs of the fourth defense, except that the assignment to the plaintiff was without consideration.

The modification of the order by striking out the scandalous matter was proper. The appellant argues that the effect of this is to strike out the entire defense. The facts alleged, except possibly that the assignment was without consideration, do not constitute a defense and have been inserted in the answer solely to insult the plaintiff and not to protect the defendant. They are immaterial and could not properly be received in evidence. Where this is the case such allegations may be stricken out, although it has been stated generally, " that an entire defense, even though it be insufficient in law, cannot be stricken out as irrelevant, redundant or scandalous." (*Gibson* v. *McDonald,* 139 App. Div. 51, 52.) That case and those cited in the opinion were cases where the motion was made to strike out as irrelevant and redundant, and not as scandalous. It is true that the sufficiency of a defense must be tested by demurrer and not by motion to strike out; nevertheless, " where scandalous matter has been inserted in an answer solely to insult the plaintiff and not to protect the defendant, the plaintiff is not required to admit the scandalous allegations by demurrer, but such answer, although alleged as a separate defense, may be stricken out as scandalous. The necessity of the case makes this exception to the rule." (*Hanson Co.* v. *Collier,* 119 App. Div. 794, 795; *Persch* v. *Weideman,* 106 id. 553, 554; *Armstrong* v. *Phillips,* 60 Hun, 243, 244.) The court properly refused to strike out the 16th paragraph as irrelevant and redundant. It is neither. It is relevant, because it has reference to the transaction which is the subject of the action. It is an attempt to allege that the assignment is void because made in contravention of section 66 of the Stock Corporation Law. It may be that the facts alleged are not sufficient to constitute a defense to this action,

but that question must be raised by demurrer and not by a motion to strike out. The first separate defense alleges that the work, labor and services performed and materials furnished mentioned in the complaint were of the agreed price and reasonable value of $1,293.75; that an account was stated between the defendant and the S. S. Corporation and there was found to be due and owing to it the sum of $1,293.75, and that the defendant paid the same in full to the S. S. Corporation "prior to notice to it of any valid assignment, and to any valid assignment to plaintiff by the S. S. Corporation." The first portion of the defense is a mere amplification of the denial of the allegation of the complaint as to the agreed price and reasonable value of the work, labor and services and of the materials furnished. The second portion is that an account was stated and payment in full made to plaintiff's assignor prior to notice of the assignment. Clearly, denials had no place in such a defense and were properly ordered stricken out. The motion should also have been granted requiring the defendant to make definite and certain the allegation as to notice of the assignment. Such an allegation is not the proper way to raise the question of the validity of the assignment. The allegation that the payment was before notice of any valid assignment implies that it might have had notice of an invalid assignment, and hence is a negative pregnant, which is condemned in all forms of pleading. The second defense is a plea of payment by defendant to the S. S. Corporation and, therefore, is a plea of confession and avoidance in which denials have no place and were properly stricken out. The third defense is a plea of payment by the S. S. Corporation to the plaintiff. Hence the denials were properly stricken out. The fourth defense, as alleged, would also, if it had constituted a defense, have been a plea of confession and avoidance. Likewise the fifth, to which we have hitherto referred. Therefore, all these denials were properly ordered stricken out. The learned Appellate Term evidently disagrees with the decision of this and other appellate courts that a denial is ever proper in a defense.

The rule is well settled that a general denial in an affirmative defense is always improper and that a specific denial cannot

be included in an affirmative defense unless essential to make that defense complete and available. Therefore, general denials and unnecessary specific denials may be stricken out of affirmative defenses. (*Haffen* v. *Tribune Assn.*, 126 App. Div. 675; *Mendelson* v. *Margulies*, 157 id. 666; *Einstein* v. *Einstein*, 158 id. 498.) As a corollary to this rule, where there is an allegation of fact in the complaint which if admitted would defeat the defense, a specific denial of that fact in the separate defense is proper, and such a denial cannot be stricken out. (*Brookline Nat. Bank* v. *Moers*, 19 App. Div. 155; *Colvin* v. *Martin*, 68 id. 633; *Ivy Courts Realty Co.* v. *Morton*, 73 id. 335; *Dinkelspiel* v. *N. Y. Evening Journal Co.*, 91 id. 96, 99; *Moot* v. *Bailey*, 113 id. 889; *Empire Trust Co.* v. *Magee*, 117 id. 34, 38; *Pullen* v. *Seaboard Trading Co.*, 165 id. 117, 120; *Ferber* v. *Third Street Realty Co.*, 166 id. 736; *McDonald* v. *Press Publishing Co.*, 174 id. 463; *Phinny* v. *Hay*, 175 id. 945; *Metcalfe* v. *Bill Board Pub. Co.*, 176 id. 859, 864; *Soeurbee, Inc.*, v. *Jatison Const. Co., Inc.*, 181 id. 662.)

It is more essential that a rule of pleading or practice should be settled and consistently followed than that it should be scientifically correct. The important thing to the bench and bar is to know what the rule is, rather than what it ought to be. Therefore, if we admitted the criticism of the learned justices of the Appellate Term, or those contained in a publication to which they refer, we would not at this time deem it wise to change the rule. It may be that a change will be made when the effort is made to simplify the practice, at which time it would lead to less confusion. Is the charge that this rule is contrary to all systems of pleading prior to the Code, and hence unscientific, well founded? The rule had its foundation in the opinion of the Court of Appeals: " The allegations of the complaint not denied in the affirmative defense are for the purposes of the question now presented to be deemed admitted. The affirmative defense is to be treated as a separate plea, and the defendant is not entitled to have the benefit of denials made in another part of the answer, unless repeated or incorporated by reference and made a part of the affirmative defense." (*Douglass* v. *Phenix Ins. Co.*, 138 N. Y. 209, 215.) It may be that it would have been better and more consonant with the Code system

of pleading if the Court of Appeals had stated that a fact once denied in an answer is to be deemed denied in any part of the answer where a denial of that fact is essential, and that such denial need not be repeated. But it did not so state. It is said, however, that in common-law pleading there could be a traverse and pleas by way of confession and avoidance; and that no traverse was necessary or proper in the plea; and that the Code " statement of any new matter constituting a defense " (Code Civ. Proc. § 500), was merely a substitute for such plea of confession and avoidance. This, however, is not entirely accurate. The Code of Procedure was authorized at the time that the Court of Chancery became consolidated with the Supreme Court, and one tribunal was given jurisdiction in law and equity. The Commissioners then appointed prepared a Code which abolished all forms of action and all technical forms of pleading, and established a system of pleading to be adapted to any relief, whether legal or equitable, which the facts alleged would warrant. In doing this they discarded the technical and artificial common-law pleading and approximated more nearly equity pleading. In equity the pleas were not of necessity by way of confession and avoidance The form for the beginning of a plea in equity was " the defendant, by protestation, not confessing or acknowledging the matters and things in and by said bill set forth and alleged to be true, in such manner and form as the same are thereby and therein set forth, for plea." (3 Daniell Ch. Pl. & Pr. [6th Am. ed.] *2094.) Under the old Chancery practice, if the bill contained allegations which if true would defeat the bar set up by the plea, an answer specifically denying these facts was filed in support of the plea. (Story's Eq. Pl. § 681 *et seq.*) Where, therefore, a complaint alleges facts which if admitted would defeat the separate defense, set forth in the answer, in order to be complete in itself, such facts should be denied in strict analogy to the old form of equity pleading. We have then in this rule a combination of the former practice; where the new matter constitutes a defense by way of confession and avoidance, no denial is proper in the defense, but when there is some fact alleged in the complaint which if admitted would defeat the defense, such fact should be specifically denied in the defense.

In this opinion we are dealing with denials in affirmative defenses, which are statements of new matter constituting a defense (Code Civ. Proc. § 500), and not with allegations of matter provable under a general or specific denial which are sometimes denominated negative defenses.

For the reason above given, the order should be further modified by requiring the defendant to make definite and certain the first defense by stating whether it received any notice of any assignment, and as modified the determination of the Appellate Term is affirmed, with ten dollars costs and disbursements to the respondent.

CLARKE, P. J., LAUGHLIN, DOWLING and GREENBAUM, JJ., concur.

Order modified as stated in opinion, and as so modified affirmed, with ten dollars costs and disbursements to respondent.