ADOLPH BULOVA, Appellant, *v.* E. L. BARNETT, INC.,
Respondent.

(Supreme Court, Appellate Term, First Department, December,
1920, Term — filed January, 1921.)

Pleading — when demurrer sustained — services — corporations —
assignments — Stock Corporation Law, § 66.

> Unless it appears in an action to recover upon an assigned
> claim for services rendered and material furnished by plain-
> tiff's assignor, a corporation, that plaintiff was an officer,
> director, stockholder or a creditor of the corporation, the
> assignment is not null and void under section 66 of the Stock
> Corporation Law and said statute is not a defense to the
> alleged cause of action.
>
> A separate defense, pleading that the assignment set forth
> in the complaint, was executed by one H. while he was assum-
> ing to act as the vice-president of the corporation, and was
> received by plaintiff with full knowledge and notice of inten-
> tion to give him a preference " as an alleged creditor " over
> other creditors of the corporation, and for that reason the
> assignment is null and void, is provable under the general
> denial in the answer, and an order overruling a demurrer to
> the separate defense will be reversed and the demurrer sus-
> tained with leave to serve an amended answer.

APPEAL by plaintiff from that part of an order of
the City Court of the city of New York overruling
plaintiff's demurrer to the fourth defense.

Sanford H. Cohen (George Cohen, of counsel), for
appellant.

Frederick W. Sparks, for respondent.

GUY, J.  The action is to recover for services ren-
dered and materials furnished to defendant by the
plaintiff's assignor S. S. Corporation.  As a fourth

defense defendant set up in its amended answer that the alleged assignment mentioned in the complaint was executed by one Henschel purporting to act as vice-president of the assignor corporation to the plaintiff, " who then claimed to be a creditor " of the corporation; that the corporation was insolvent and had refused to pay its notes and other obligations, and that the alleged assignment set forth in the complaint was executed by the said Henschel while he was assuming to act as the vice-president of the S. S. Corporation, and was received by the plaintiff with full knowledge and full notice, and with the intent of giving him a preference " as an alleged creditor " over other creditors of the corporation; and that by reason thereof the alleged assignment was and is null and void.

The case has been before this court and before the Appellate Division on motions to strike out portions of the original answer and for similar relief. 111 Misc. Rep. 150; 193 App. Div. 161. On these prior appeals the defense now before the court was the fifth defense in the original answer; and it was held by both this court and the Appellate Division that as the defense was a plea of confession and avoidance under section 66 of the Stock Corporation Law the denials which were made a part of the defense in the original answer should be stricken out. The court below, however, without expressly deciding that the plea constitutes a defense, has held that the defense is provable under defendant's general denial and overruled the demurrer.

It remains to be considered whether an assignment made by the corporation under the circumstances " is null and void." The acts prohibited by section 66 of the Stock Corporation Law, in so far as relevant to a consideration of this appeal, are cor-

porate transfers to officers, directors or stockholders for the payment of any debt or upon any other consideration than the full value of the property paid in cash, and transfers by insolvent corporations with the intent of giving a preference to a creditor over other creditors of the corporation; and unless it appears that the plaintiff was an officer, director or stockholder or a creditor of the corporation the case would not come within the statute, and the statute would not be a defense to the alleged cause of action. While the theory of the pleader is that the plaintiff was a creditor of the corporation it is not alleged in the defense that the plaintiff was a creditor, the only reference to the plaintiff in that regard being that he "claimed to be a creditor" and that the assignment was made to him with the intent of giving him a preference "as an alleged creditor." The complaint alleges the making of the assignment to plaintiff for a valuable consideration. Assuming, however, that the defense sets up a transfer within the statute, while the precise point does not seem to have been squarely decided, the trend of judicial construction of the act indicates that as to a corporate debtor, such as the defendant in this action, such a prohibited transfer would not be void in the sense that the assignee could not maintain suit for the recovery of the assigned claim. A contrary construction would impose a perilous burden upon corporate debtors ignorant of the details of the internal management of a corporation assignor and subject them to the hardship of a double payment. To hold the preferential assignee accountable to the creditors (as the statute expressly does in this case) and to permit a debtor to pay an indebtedness upon an assignment valid on its face seems more in accord with the spirit of the statute.

Our attention has been called to a decision of the

Appellate Division rendered in this case since the argument, which determines that the S. S. Corporation, the plaintiff's assignor, must be permitted to intervene in this action in order to litigate its claim that the assignment to the plaintiff was made in fraud of its own creditors and is therefore void as against it. Nothing contained in that opinion seems to us to support the defendant's contention herein. On the contrary, if this defendant is in a position to raise the same defense which the S. S. Corporation seeks to raise, there would be no reason to permit the S. S. Corporation to intervene for the Appellate Division expressly states in its opinion that as a matter of fact the S. S. Corporation has already succeeded by reason of circumstances not disclosed in our present record, to all the interest of the defendant in this action and would therefore be in a position to take over the defense of this action and to derive the benefits of any judgment in the defendant's favor.

Order in so far as appealed from reversed, with ten dollars costs and disbursements, and demurrer to the fourth defense sustained, with ten dollars costs, with leave to defendant to serve an amended answer within six days after service of a copy of the order entered hereon

Order reversed, with ten dollars costs and disbursements.