In the Matter of the Application of G. HERBERT PARDEE, on Behalf of Himself and Others, Appellant, v. WALLACE W. RAYFIELD, as District Superintendent of Schools of District No. 1 of Monroe County, et al., Respondents.

FRED LAUTERBACH et al., as Trustees of School District No. 1, Appellants.

*Prohibition — schools — constitutionality of chapter 561 of Laws of 1919, providing for adjustment of accounts between school districts — when writ of prohibition to prevent district superintendent of schools from adjusting accounts between school districts not granted.*

*Matter of Pardee v. Rayfield, 192 App. Div. 5, affirmed.*

(Argued October 19, 1920; decided November 16, 1920.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 7, 1920, which unanimously affirmed an order of Special Term denying a motion for a writ of prohibition. By chapter 328 of the Laws of 1917 the school system of the state was changed from the district system to the town unit system. By chapter 199 of the Laws of 1918 the act of 1917 was repealed and the old system of school districts restored. By chapter 561 of the Laws of 1919 provision was made for adjustment of accounts between school districts for expense incurred during the year the town unit law was in force by means of a hearing before the district superintendents and a determination by him. The school building in district No. 1 in the town of Irondequoit had been destroyed by fire in June, 1917, and by a vote at a school meeting of the district the expenditure of $7,000 to rebuild had been authorized, and an architect had been employed and plans for the new structure prepared prior to the taking effect of chapter 328 of the Laws of 1917. The school was built while that statute was in force at an expense of $11,000. In consequence the other districts of the town of Irondequoit have been made to contribute largely to the construction of the school house in district No. 1. A proceeding was

instituted before the district superintendent to adjust this inequality. After the account called for by the statute had been filed with the district superintendent and three hearings had, the relator procured an alternative writ of prohibition restraining the district superintendent from taking further proceedings, upon the ground that the statute under which he was proceeding (Laws of 1919, chapter 561) was unconstitutional.

*Horace G. Pierce* for appellants.

*Eugene Van Voorhis* for respondents.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CHASE, HOGAN, CARDOZO, McLAUGHLIN, CRANE and ANDREWS, JJ.