MARGUERITE A. BLACKWELL, Appellant, *v.* COLUMBIA TRUST COMPANY, as Executor of the Last Will and Testament of HERMAN SIELCKEN, Deceased, Respondent.

First Department, January 27, 1922.

Pleadings — answer — denials repeated in separate defenses in violation of Rules of Civil Practice, rule 90, will be stricken out on motion under rule 103 — quære as to whether motion under rule 103 prerequisite to motion under rule 109 to strike out defenses and as to whether court may disregard denials as surplusage.

Under rule 90 of the Rules of Civil Practice, it is improper to repeat or incorporate in separate defenses by reference denials of facts made in another part of the answer, and, under rule 103 of the Rules of Civil Practice, a denial so repeated will be stricken out on motion by the plaintiff.

*Quære,* as to whether a motion under rule 103 of the Rules of Civil Practice to strike out the denials is a necessary prerequisite to a motion under rule 109 to strike out the defenses on the ground that they are insufficient in law on the face thereof, and as to whether the court may disregard the denials as surplusage on the motion under rule 109.

Appeal by the plaintiff, Marguerite A. Blackwell, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 29th day of November, 1921, denying plaintiff's motion to strike out denials in paragraph " fifteenth " of the first separate and distinct defense, and in paragraph " twenty-second " of the second separate and distinct defense contained in the answer herein.

*Niles & Johnson* [*Henry B. Johnson* of counsel], for the appellant.

*Smith & Agate* [*Leonard B. Smith* of counsel], for the respondent.

Page, J.:

This appeal presents a question of pleading and practice, which, under the Code of Civil Procedure, was much discussed by the members of the bar, and led to conflicting decisions in the courts. The Court of Appeals held: " The allegations of the complaint not denied in the affirmative defense are, for the purposes of the question now presented, to be deemed admitted. The affirmative defense is to be treated as a separate plea, and the defendant is not entitled to have the benefit of denials made in another part of the answer, unless repeated or incorporated by reference and made a part of the affirmative defense." (*Douglass* v. *Phenix Ins. Co.,* 138 N. Y. 209, 215.) This court consistently followed and applied this decision. (*Bulova* v. *Barnett, Inc.,* 193 App. Div. 161, 166.) Although we indicated in our opinion " that it would have been better and more consonant with the Code system of pleading if the Court of Appeals had stated that a fact once denied in an answer is to be deemed denied in any part of the answer where a denial of that fact is essential, and that such denial need not be repeated," some of the decisions of other Appellate Divisions were not in harmony with this rule.

The convention to draft the Rules of Civil Practice, to be effective under the Civil Practice Act, for the purpose of settling the practice in the future, adopted rule 90, which reads as follows: " Denials of facts alleged in the complaint or in an answer and denied by reply must not be repeated nor incorporated in a separate defense or counterclaim. Any fact once denied shall be deemed denied for all purposes of the pleading."

It is, therefore, unnecessary and improper to repeat or incorporate in the affirmative defense by reference a denial made in another part of the answer.

The answer in this case was served after the Civil Practice Act took effect, and the motion to strike out these denials was authorized by rule 103 of the Rules of Civil Practice, which, so far as material to the consideration of this case, provides: " If any matter, contained in a pleading, be  *  *  * unnecessary  *  *  *  the court may order such matter stricken out  *  *  *."

The plaintiff states that she desires to strike out these defenses under rule 109 of the Rules of Civil Practice, on the ground that they are insufficient in law on the face thereof. We do not determine that a motion to strike out the denials was a necessary prerequisite to the other motion, and that the court could not disregard the denials as surplusage on the motion on the pleading. The motion that was made was authorized by the Rules of Civil Practice, and should have been granted.

The order will, therefore, be reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.