THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOSEPH
LEWIS, Appellant, *v.* FRANK P. GRAVES, Commissioner
of Education of the State of New York, Respondent.

Constitutional law — schools — mandamus — school regu-
lations permitting children to be excused from attendance for
short period each week to attend religious instruction not
violative of Constitution or statute — peremptory mandamus
to compel Commissioner of Education to direct discontinuance
of practice properly denied.

Regulations of the school authorities in the city of White Plains
whereby children, on the written request of their parents, are excused
for one-half hour of the school session, in each week, for the purpose of
attending religious instruction in church schools, do not, as matter of
law, infringe any constitutional right or abuse any statutory require-
ment. Denominational schools are not thereby either directly or indi-
rectly financially aided by the public. (N. Y. Const. art. 9, § 4.)
Regular attendance does not imply actual attendance for the entire
time the schools are in session. (Education Law, § 621.) An appli-
cation, therefore, for a peremptory order of mandamus to compel the
Commissioner of Education to direct the city school authorities to
discontinue the regulations is properly denied. ·
*People ex rel. Lewis* v. *Graves,* 219 App. Div. 233, affirmed.

(Argued May 3, 1927; decided May 10, 1927.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the third judicial department, entered
January 22, 1927, which unanimously affirmed an order
of Special Term denying a motion for a peremptory
order of mandamus to compel the Commissioner of
Education to order the school authorities of the city of
White Plains to discontinue school regulations whereby
public school children, at the request of their parents,
are excused one-half hour in each week before the ter-
mination of the regular school period to enable them to
receive religious instruction in church schools.

*John C. Mahon* for appellant. The rule adopted by
the school authorities violates the constitutional provisions
relative to aid in denominational schools. (*Stein* v.

*Brown,* 125 Misc. Rep. 692; *People* v. *Board of Education of Brooklyn,* 13 Barb. 400; *State* v. *Scheve,* 65 Neb. 853; *State ex rel. Weiss* v. *District Board,* 76 Wis. 177; *Scofield* v. *School District,* 27 Conn. 499; *Smith* v. *Donahue,* 202 App. Div. 656; *O'Connor* v. *Hendrick,* 109 App. Div. 361; 184 N. Y. 421.)

*Ernest E. Cole* for respondent. The regulation complained of by the relator does not violate any constitutional provision. (*Matter of Haydorn* v. *Carroll,* 225 N. Y. 84; *People ex rel. Curtis* v. *Kidney,* 225 N. Y. 299; *People ex rel. Moss* v. *Supervisors of Oneida County,* 221 N. Y. 367.)

*Charles H. Tuttle, Pliny W. Williamson, George J. Gillespie* and *George W. Schurman* for Greater New York Federation of Churches et al., *amici curiœ.* There is nothing in the State Constitution to prevent the local school boards from excusing children from school for religious instruction. (*State ex rel. Weiss* v. *District Board,* 76 Wis. 177; *Hackett* v. *Trustees of Brooksville,* 120 Ky. 608; *Commonwealth ex rel. Wall* v. *Cooke,* 7 Am. Law Rep. [Mass.] 417; *State* v. *District Board,* 156 N. W. Rep. 477; *Hart* v. *School District,* 2 Lanc. L. Rev. 346; *Stevenson* v. *Hangon,* 7 Penn. Dist. Rep. 585; *Billand* v. *Board of Education,* 69 Kans. 53; *Church* v. *Builock,* 109 S. W. Rep. 115; *McCormick* v. *Burt,* 95 Ill. 263; *Moore* v. *Monroe,* 64 Iowa, 367; *Pfeiffer* v. *Board of Education,* 118 Mich. 560; *Donahue* v. *Richards,* 38 Maine, 379; *Wilkerson* v. *City of Rome,* 152 Ga. 762; *Evans* v. *Selma School,* 222 Pac. Rep. 801; *Nesle* v. *Hum,* 1 Ohio N. P. Rep. 140; *Spiller* v. *Woburn,* 12 Allen [Mass.], 127.)

POUND, J. Persons interested in religious instruction of the children in the public schools of the State have recently inaugurated a plan which has been put in operation in the city of White Plains and, with varying details, elsewhere. As it operates in White Plains, the plan is to excuse from school attendance children between the ages of seven and fourteen years, on the written request of

parents, one day in each week, for the last half-hour of the school session, which is a study period, so that they may attend one of the several denominational church schools which give religious instruction during such period. The child so excused loses no school recitations and receives no credit for the work taken in the church school. The city of White Plains does not use public money to aid the church schools, although the co-operation between the public schools and the church schools requires a slight use of the time of the school teachers in register-ing and checking up excuses. The plan is governed by suitable regulations of the school authorities but does not rest on any legislative enactment. It must, therefore, be in harmony with the Constitution and laws of the State. If it is the courts have no further concern with it.

The petitioner herein, although not appearing to be a resident of the city of White Plains or a taxpayer therein, or the parent or guardian of a child affected by its school regulations, made a demand as a citizen of the State upon the Commissioner of Education to put a stop to this practice, not only in the city of White Plains but through-out the State and, on refusal of the Commissioner to comply therewith, applied to the courts for an order of peremptory mandamus to compel him so to act. The Special Term denied his application and the Appellate Division unanimously affirmed the order on the law and, as we shall assume, not in the exercise of discretion. He now appeals to this court without leave of the Appellate Division or of this court, claiming that under Civil Practice Act, section 588, subdivision 1, a constitutional question is involved and that his appeal is taken as a matter of right. The appeal directly involves the construction of article 9, section 4, of the Constitution of the State, quoted below within our decisions. The court below in order to make its decision must necessarily have so construed the Constitution as to uphold the regulations in question. (*Matter of Haydorn* v. *Carroll*, 225 N. Y. 84, 88.)

The provisions of the Constitution and laws which appellant invokes as imposing a clear legal duty on the Commissioner of Education to compel the school authorities of White Plains to take action are as follows:

Article 9, section 4, of the New York Constitution provides:

" Neither the State nor any subdivision thereof, shall use its property or credit or any public money, or authorize or permit either to be used, directly or indirectly, in aid or maintenance, other than for examination or inspection, of any school or institution of learning wholly or in part under the control or direction of any religious denomination, or in which any denominational tenet or doctrine is taught."

Section 621 of the Education Law (Cons. Laws, ch. 16) provides that every child within the compulsory school ages in proper physical and mental condition " shall regularly attend upon instruction for the entire time during which the schools    *    *    *    are in session."

A child otherwise regular in attendance may be excused for a portion of the entire time during which the schools are in session, to the extent at least of half an hour in each week, to take outside instruction in music or dancing without violating the provisions of the Compulsory Education Law, either in letter or spirit. Otherwise the word " regularly " as used in the statute would be superfluous. Practical administration of the public schools calls for some elasticity in this regard and vests some discretion in the school authorities. Neither the Constitution nor the law discriminates against religion. Denominational religion is merely put in its proper place outside of public aid or support. As a matter of educational policy, the Commissioner doubtless may make proper regulations to restrict the local authorities when the administration of the plan of week-day instruction in religion or any plan of outside instruction in lay subjects in his judgment interferes unduly with the regular work of the school.

The separation of the public school system from religious denominational instruction is thus complete. Jealous sectaries may view with alarm the introduction in the schools of religious teaching which to the unobservant eye is but faintly tinted with denominationalism. Eternal vigilance is the price of constitutional rights. But it is impossible to say, as matter of law, that the slightest infringement of constitutional right or abuse of statutory requirement has been shown in this case.

The order should be affirmed, with costs.

CARDOZO, Ch. J., CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Order affirmed, etc.