MABEL L. REES and Others, Plaintiffs, v. TEACHERS' RETIREMENT BOARD OF CITY OF NEW YORK and Others, Defendants.*

Supreme Court, New York County, July 20, 1927.

**Schools — teachers' retirement board — taxpayer's action to restrain payment of salary to secretary of teachers' retirement board of New York city — appointment of secretary by retirement board without concurrence of member elected by teachers' retirement association is invalid under Greater New York charter, § 1092 — taxpayer's action properly brought.**

The teachers' retirement board of the city of New York acted illegally in appointing a secretary of the board without the concurrence of a member of the board who was elected by the teachers' retirement association, for section 1092 of the Greater New York charter provides that " The concurrence of the comptroller or of one member appointed by the mayor, of a member elected by the retirement association, and of at least two other members shall be necessary for a decision of the retirement board."

Notwithstanding all of the defendants are State officials with the exception of the city comptroller, the plaintiff had the right to maintain a taxpayer's action to restrain the waste of city funds by the illegal acts of State officials.

The contention that the action does not lie because the title to an office is involved is without merit for the plaintiff is not seeking to try the title to office but to restrain the payment of the salary to the illegally elected secretary.

*It seems,* that the deputy comptroller does not have the right to vote in place of the comptroller at a meeting of the retirement board.

MOTION by plaintiffs for temporary injunction in taxpayers' action against the teachers' retirement board of the city of New York and others.

*Leonard M. Wallstein* [*Ralph M. Frink* on the brief], for the plaintiffs.

*George P. Nicholson, Corporation Counsel,* and *Wm. E. C. Mayer, Assistant Corporation Counsel,* for the defendants.

MAHONEY, J.   The plaintiffs have instituted a taxpayers' action against the teachers' retirement board of the city of New York, Agnes M. Craig, George J. Ryan and M. Samuel Stern, as members of the teachers' retirement board of the city of New York, Charles W. Berry, as comptroller of the city of New York, and Irving Crane. In their complaint the plaintiffs allege that they are members of the teachers' retirement board of the city of New York; that at a meeting of said board held July 7, 1927, a vote was taken upon the appointment of a secretary of said board to fill a vacancy in such position; that the vote was taken and the chairman of the board declared defendant Irving Crane elected or appointed as such secretary; that said Crane has assumed the duties of the position;

* Revd., 221 App. Div. 646.

that the salary for said position is $5,000 per annum, payable according to the provisions of section 1092 of the Greater New York charter out of a fund known as the "expense fund," which consists of such amounts as shall be appropriated by the board of estimate and apportionment of the city of New York out of moneys raised by taxation to defray the expenses of the administration of said teachers' retirement board. It is claimed that the election or appointment of said Crane is illegal for the reason that no member of said board elected by the teachers' retirement association concurred in the decision to appoint said Crane, and that a concurrence by at least one member of the said teachers' retirement association was required by section 1092 of the Greater New York charter; that unless restrained by an order of this court the said illegal act will constitute waste of the funds of the city of New York to the damage of the said city. The plaintiffs, therefore, in their demand for judgment, pray that an order should issue restraining the defendants Craig, Crane and Berry from paying any warrants to said Crane as salary as secretary of the teachers' retirement board, and enjoining the said Crane from accepting or receiving any money as such salary, and from acting as secretary of such board, and enjoining the teachers' retirement board from ordering any warrants to be drawn for the payment from its funds of salary to said Crane as such secretary.

Upon this present application here before me a motion is made for a temporary injunction to restrain the payment of salary to defendant Crane pending the termination of the action upon the ground that he was illegally elected to such office. Upon the argument there was heard the counsel for the plaintiffs in support of the motion, and the corporation counsel representing the defendants in opposition to the motion. I also permitted a brief to be filed by the attorney for the Federation of Teachers' Associations as *amicus curiæ*. A decision of this motion requires an interpretation of certain provisions of the Greater New York charter, particularly provisions of section 1092 thereof, which constitute the Teachers' Retirement Law. This said section 1092 of the charter contains a scheme under and by virtue of which teachers who have rendered active service in the system may be retired. Subdivision A of said section 1092 of the charter provides the retirement system shall be established the 1st of August, 1917. Subdivision B provides: "B. A teachers' retirement *association* is hereby organized among the teachers of the public schools; its membership shall consist of the following: 1. All teachers who have been granted or shall hereafter be granted permanent licenses pursuant to section ten hundred and eighty-nine. 2. All teachers, without a permanent license, who shall file a statement in writing

with the retirement board consenting to membership in the retirement association and to the deductions for annuity purposes prescribed in this act. 3. All transferred-contributors."

Subdivision C provides for a retirement board of seven members constituted from " (a) The president of the board of education. (b) The comptroller of the city of New York. (c) Two members appointed by the mayor of the city of New York, one of whom shall be a member of the board of education."

It is stated they shall serve until their successors are appointed. Subdivision C, paragraph 1, clause (d), provides that there shall be three members in the said retirement board, selected from the teachers' retirement association. It is provided in subdivision C, paragraph 3: " The retirement board shall elect from its membership a chairman, and shall appoint a secretary, an actuary, and such medical, clerical and other employees as may be necessary."

Subdivision C also contains a provision which is the most important provision of all for the purposes of this motion as follows: " 11. The concurrence of the comptroller or of one member appointed by the mayor, *of a member elected by the retirement association,* and of at least two other members shall be necessary for a decision of the retirement board."

As heretofore indicated, it is claimed by the plaintiffs that in the election or appointment of the defendant Crane this clause just quoted was violated in that in the selection of said Crane there was no concurrence of a member elected by the retirement association. It is conceded by the defendants that there was no such concurrence, but it is claimed that in spite of such fact the election was to all intents and purposes legal and valid. It is claimed on behalf of the plaintiffs that, in view of the provision of section 1092 of the charter last quoted, in the making of any decision by the retirement board it is necessary that there shall be the concurrence of a member elected by the retirement association. It is claimed that not only does the statute, as above quoted, so require, but that the manner in which the said provision of the charter has been construed by the retirement board indicates clearly that the practical construction has been to the effect that there must always be a concurrence in any decision of a member elected by the retirement association. The plaintiffs also, in support of such contention, refer to the by-laws of the teachers' retirement board, particularly section 5 thereof, article 2, having to do with meetings. This said section 5 reads as follows:

" Section 5. Quorum. The concurrence of the comptroller or of one member appointed by the mayor, of a member elected by the teachers' retirement association and of at least two other

members of any meeting shall be necessary for any decision by the teachers' retirement board."

The defendants contend, however, that the rule of practical construction has no proper application to the facts in this case, and they further claim that section 5 just quoted provides for a by-law inconsistent with the statutory provisions contained in section 1092 of the charter, for the reason that, where the statute refers to " a decision " the said section 5 of article 2 of the by-laws refers to " *any* decision " by the teachers' retirement board.

It is claimed that the by-laws tend to enlarge the statute, are inconsistent therewith, and, therefore, can in no way vary the terms of the statute. Of course it may be conceded that the by-laws of the teachers' retirement board could in no way enlarge the powers, administrative, regulatory or otherwise, vested in the board by the provisions of the act. In substance the defendants claim that the statute provides that there shall be a concurrence of a member elected by the retirement association in a decision of the retirement board only when such decision has to do with some pending application for retirement, and that such concurrence is not necessary in connection with administrative acts of the board, such as in the appointment or the election of a secretary or any other employee of the board. A consideration of the entire scheme for retiring teachers as established in section 1092 of the charter properly justifies the conclusion that the Legislature apparently was most anxious that the teachers should have a strong voice in the manner in which the teachers' retirement fund should be administered. Such a decision on the part of the Legislature probably was due to the fact that the teachers were those most concerned, and also for the additional reason that the teachers by the provisions of the law are compelled to make contributions to the support of the fund. Such consideration for the teachers was perfectly proper and justified by all existing conditions. Therefore, in addition to providing that the active teachers should have membership in the retirement board, it was further provided by the section of the charter heretofore quoted, and in connection with which this controversy arises, that the concurrence of a member elected by the retirement association shall be necessary " for a decision of the retirement board."

It appears to me that the words just quoted, " a decision of the retirement board," are all-inclusive, and are about as broad a statement as could be made in connection with the acts and functions of the retirement board. I have carefully gone through all the provisions of the statute in the endeavor to ascertain whether or not there are any words therein that define or limit the meaning

of " a decision of the retirement board." I am unable to find any such words of, definition or of limitation. In other words, the contention of the defendants is not supported by any express words of definition or limitation. It is also to be noted that, where there · was any apparent necessity therefor, the framers of the act took the trouble to define various words and terms as used in the retirement law, and the very first part of section 1092 of the charter is taken up with some thirty-four paragraphs of definitions of words used in the act. In view of the scheme of the act, therefore, and of the phraseology of the section which it is my duty to interpret, I feel I am required to reach the conclusion that for the purpose of this action the word " decision " must be understood and interpreted as that word is generally used.

As stated in *McCluskey* v. *Cromwell* (11 N. Y. 593), referring to the limitation upon the court's right of interpretation: " It is not allowable to interpret what has no need of interpretation, and when the words have a definite and precise meaning, to go elsewhere in search of conjecture in order to restrict or extend the meaning. * * * " The natural and obvious meaning should be taken " without resorting to subtle and forced construction * * *. Courts cannot correct supposed errors, omissions or defects * * *. The office of interpretation is to bring sense out of the words used, and not bring a sense into them."

Likewise in *Johnson* v. *Hudson River R. R. Co.* (49 N. Y. 455) it was held: " Where the language [of a statute] is definite and has a precise meaning, it must be presumed to declare the intent of the Legislature, and it is not allowable to go elsewhere in search of conjecture to restrict or extend the meaning."

In *Matter of Village of Middletown* (82 N. Y. 196) it was held that where the language of a statute is apt and the construction plain, it cannot be departed from in deference to any supposed intent.

I cannot, therefore, give the words " a decision " the effect claimed for them by the defendants. There are no words used in connection with the words " a decision " which in any way tend to limit the application of such words to the determination of questions affecting actual retirement only. I feel quite sure, if it were the intention to apply such words to actual retirement only, there would have been inserted in the act proper words of limitation and restriction. Then again, from a practical standpoint, it would seem strange that the concurrence of a member of the retirement association would be necessary for a decisionaffecting a retirement, and not in a decision affecting the appointment of a secretary. The appointment of a secretary is something affecting the entire association, whereas the decision upon a retirement case chiefly

concerns the one whose application is pending.   If a teacher member were to have a vote in a decision upon a retirement, then it would seem to me that the active teaching force, through its selected representatives, should have some voice in the election or selection of the secretary, who was to have so much to do with the administration of the retirement board.   I, therefore, reach the conclusion and so decide, that the election or appointment of the defendant Crane was not made in the manner provided by the act, and is, therefore, illegal.

Defendants object that, so far as this action is a taxpayers' action, it cannot be maintained, because the defendants other than the comptroller are officials of the State rather than of the municipality.   It is true, of course, that education is a State function, but I am satisfied that a waste of city funds by illegal acts of State officials of education can be restrained in a taxpayers' action. (*Warnock* v. *Wray*, 194 N. Y. Supp. 396.)   In that taxpayers' action against the board of education the court stated: " The action will lie against the board, although it is a corporate body, and public education is a State and not a municipal function.   The administration of public education in the city is of a dual character, partly regulated by the Education Law and partly by the charter of the city.   With respect to the letting of contracts for the construction of school buildings, involving the use of municipal funds affecting the taxpayers of the city, the board is subject to statutory municipal control, and to an action by the municipality, or by a taxpayer in its behalf, to prevent illegal action or to prevent waste of public funds.   *Matter of Hirshfield* v. *Cook,* 227 N. Y. 297, 302, 304; 125 N. E. 504; *Altschul* v. *Ludwig*, 216 N. Y. 459; 111 N. E. 216."

The defendants also claim that a taxpayers' action does not lie because the title to office is involved, and that the proper remedy is by quo warranto.   It is to be noted, however, that the taxpayer is not seeking to try the title to office, but to prevent the waste of city funds in payment of illegal salaries.   In *Schieffelin* v. *Dolan* (204 App. Div. 351, 354, 355) the court stated: " The claim that the title to a public office is involved, and that such statutes, in so far as they authorize the commencement of a taxpayer's action which involves the title to public office, are unconstitutional and void, was disposed of in *Matter of Hyland* v. *Waldo* [158 App. Div. 654]   *   *   *.   In the matter now before us, the reinstatement being un'awful, Dolan is not a member of the force, has no claim upon salary as such, payment thereof is illegal and a waste of public funds, and the plaintiff as a taxpayer was entitled to begin this action to prevent such waste.   It was error, therefore, to refuse the

injunction prayed for, and the order appealed from should be reversed, with ten dollars costs and disbursements, and the injunction prayed for granted, with ten dollars costs to the appellant."

In view of the foregoing, this application for an injunction is granted.

It is also pointed out that defendant Crane was elected secretary by the votes of defendants Craig, Ryan, Stern, and also of the deputy comptroller, acting for the comptroller. I have grave doubts as to the right of the deputy comptroller to vote in place of the comptroller in connection with the decision of the retirement board. Paragraph 10 of subdivision C of section 1092 of the charter provides: " 10. Each member of the retirement board shall take an oath of office that he will, so far as it devolves upon him, diligently and honestly administer the affairs of said retirement board and that he will not knowingly violate or willfully permit to be violated any of the provisions of law applicable to this act. Such oath shall be subscribed by the member making it, and certified by the officer before whom it is taken, and shall be immediately filed in the office of the clerk of the county of New York."

The fact that the comptroller took an oath of office as comptroller and that he must take a further oath as a member of the retirement board, seems to indicate to me that, when he was functioning as a member of the retirement board, he was not functioning as comptroller. I, therefore, do not quite understand how the deputy comptroller may take the place of the comptroller at meetings of the retirement board.

Settle order on notice.