276 SPRING STREET CORPORATION, Plaintiff, *v.* RAYMOND G. FORBES and Others, Defendants.*

Supreme Court, New York County, April 22, 1929.

---

* Modified, 226 App. Div. 354.

*Muller & Muller*, for the plaintiff.

*A. J. Stern*, for the defendants.

COTILLO, J. The complaint alleges that on January 20, 1928, the defendants entered into a contract in writing with Jacob Pfister, the assignor of the plaintiff, for the purchase and sale of certain real property in the city of New York; that the contract was not closed due to defendants' inability to deliver title, although the defendants were seized in fee simple of an interest in the property; that the plaintiff offered to accept and does now offer to accept the conveyance of such right, title and interest in and to said premises as the defendants may have and to pay therefor the purchase price stated in the contract with an appropriate abatement. The complaint demands relief as follows: (1) That the defendants specifically perform the said contract of sale and that the defendants make, execute and deliver to plaintiff their full covenant and warranty deed, free and clear of all incumbrances and defects, conveying to the plaintiff such title to the said premises as the Title Guaranty and Trust Company will approve and insure upon the payment of the balance of the purchase price. (2) In the event that the defendants are unable to so comply with the

provisions of the said contract by reason of the existence of some or all of the matters referred to in the list of objections to the title of the Title Guaranty and Trust Company, or by reason of any other matters, that the defendants be directed to convey the premises, subject to the same, to the plaintiff and that an abatement of the purchase price thereof be made to the plaintiff in such sum as the court may find just and proper. (3) In the event that defendants are unable to comply with the said contract, and in the event that the court declines to decree specific performance thereof, with or without an abatement of the purchase price as prayed for, then in the alternative that judgment be rendered in favor of the plaintiff and against the defendants, damages in the amount of $30,000 and that such judgment be declared a lien on and charged against the premises hereinbefore referred to, or the interest of the defendants therein.

The defendants by way of answer set up seven distinct and separate defenses, as follows:

(1) That prior to the making of the contract referred to in the complaint the defendants had sold another piece of property, the title to which was derived by them from the same source as the property involved in this action, the chain of title being identical, and that the title to the other piece of property so sold by defendants was approved and insured by said Title Guaranty and Trust Company, and the defendants thereupon, in good faith, offered to give such title as the said title company should approve and insure.

(2) That defendants are informed and believe that all of the exceptions referred to in the complaint were disposed of to the satisfaction of the plaintiff and the title company except the one with respect to the death of Allen Forbes, which is No. 2 of the exceptions set forth in the amended complaint, and that with respect thereto the title company accepted as satisfactory evidence of his death in a former closing of title derived by defendants from the same source as the title involved in this action, affidavits of defendants that said Forbes was dead and left no issue.

(3) That at the time the contract of purchase referred to in the complaint was entered into, both parties to said contract believed that defendant's title was such as said title company would approve and insure.

(4) That defendants have used every reasonable effort and have exhausted all known means of obtaining proof to obviate the objections of the Title Guaranty and Trust Company but said Title Guaranty and Trust Company has refused to act favorably on such proof.

(5) That prior to and at all times since the beginning of this

action said defendants have tendered to the plaintiffs and still offer to the plaintiffs the sum of $1,500 paid on account of this contract in addition to the title company charges for the examination of the same and have offered to release the plaintiff and its assignor from such contract upon the making of such payment, but that said plaintiff has refused to accept said payment and accept the release of the plaintiff from said contract and to release the defendants therefrom.

(6) That at all times hereinafter mentioned the defendants have offered to give to the plaintiff or its assignor a new lease of the premises involved in this action upon a rent to be agreed upon between them, but that the plaintiff has refused and neglected to accept any lease whatsoever of said premises and demanded damages only from the defendants.

(7) That the plaintiff has an adequate remedy at law.

On this motion the allegations contained in the separate defenses must be taken as true for the purpose of determining the sufficiency of the defenses. (*Drake* v. *Hodgson*, 192 App. Div. 676.)

There is no doubt that in New York the plaintiff may seek partial specific performance with abatement as it is well settled law that a vendee may have partial specific performance where the vendor is unable to convey in accordance with the contract. (Pomeroy Spec. Perf. §§ 438, 439; Maupin Marketable Title to Real Estate [3d ed.], § 197, pp. 532, 536.) *Palmer* v. *Gould* (144 N. Y. 671) holds that " There is no doubt about the rule that where the vendor has by his agreement undertaken to convey an estate in lands in which he has but a partial interest and the vendee is in ignorance of that fact, the latter is entitled to insist upon the former conveying to him what interest he has. * * * and to make compensation for the deficiency."

In *Feldman* v. *Lisansky* (239 N. Y. 81) our Court of Appeals held that " In an action for specific performance for the sale and purchase of real estate, if there be an incumbrance upon the property * * * the court can fix and determine an abatement therefor. This question does not seem open in this court." With this view of the law as laid down by the Court of Appeals we must approach the defenses set forth by the defendants.

The first defense contains not only the matter mentioned above but also denials of allegations of the complaint already denied in the answer. Rule 90 of the Rules of Civil Practice specifically prohibits the repeating of denials in a separate defense. In view of this rule it is unnecessary and improper to repeat or incorporate in an affirmative defense a denial made in another part of the answer and no motion is necessary to strike out such denials where

the defense is attacked under rule 103. (*Blackwell* v. *Columbia Trust Co.*, 199 App. Div. 759; *Clinckett* v. *Casseres*, 205 id. 710.) The first defense must be stricken out. It attempts to plead good faith in the making of the contract to sell and also that the title company insured another piece of property of the defendants' that was secured from the same source as the property involved in this action. The defendants' breach of the contract to sell cannot be aided or condoned by their good faith in making the contract or the fact that the title company insured another piece of property derived from the " same source " where the vendee is seeking specific performance of the contract either in whole or in part. (*Burrow* v. *Scammell*, L. R. [19 Ch. Div.] 175.) The second defense, that the exceptions referred to in the complaint, except No. 2, were disposed of satisfactorily to the title company on a closing of title to another piece of property, is immaterial in this action. The third and fourth defenses can be disposed of in the same manner as the first defense.

The fifth defense is insufficient in law in an action of this kind. It is a plea that the defendants offered to return the purchase price and cancel the contract. The offer to cancel can be of no avail in an action for specific performance. The sixth defense is an offer to give the plaintiff a lease on the property. If the defendant could not give a valid title on a contract to sell, its offer to give a lease of the same property instead of a conveyance would be of no avail; furthermore that defense seems irrelevant. Although the defenses numbered one to six might be of some assistance to the defendants in an action at law for damages, nevertheless they are insufficient in an action of this character as they fail to show that the defendants have a complete title to the property and were ready, able and willing to perform. They do not in any way tend to defeat the plaintiff's right to a decree as prayed for in the complaint.

The seventh and last separate defense also fails and must be stricken out. The nature of the plaintiff's cause of action permits it to elect to proceed in an action for damages or in equity for a decree of specific performance. (*United States Trust Company of New York* v. *Greiner*, 124 Misc. 458.) The plaintiff's motion is granted, with costs. Settle order.