JOSEPH LEWIS, Appellant, *v.* THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.

(Argued November 24, 1931; decided January 5, 1932.)

*Arthur Garfield Hays, Joseph Wheless* and *Stephen B. Vreeland* for appellant. Action properly lies by a taxpayer to enjoin the purchase of the Bible and other religious books or the use thereof in the public schools. (*Hirshfield* v. *Cook,* 227 N. Y. 297; *Warnock* v. *Wray,* 194 N. Y. Supp. 396; *Rees* v. *Teachers' Retirement Board,* 130 Misc. Rep. 442; 247 N. Y. 372; *Caldwell* v. *Board of Education,* 127 Misc. Rep. 492; *Gunnison* v. *Board of Education,* 176 N. Y. 11; *Stein* v. *Brown,* 125 Misc. Rep. 692; *Smith* v. *Donahue,* 202 App. Div. 656.)

*Arthur J. W. Hilly, Corporation Counsel* (*William E. C. Mayer* and *Thomas W. A. Crowe* of counsel), for respondent. A taxpayer's action, brought under section

51 of the General Municipal Law, will not lie against the Board of Education, as the Board is a branch of the State government and is the corporate agency of the State for the conduct of the State's educational system in the city of New York. (*Titusville Iron Co.* v. *City of New York*, 207 N. Y. 203; *Schieffelin* v. *Komfort*, 212 N. Y. 520; *Matter of Hirshfield* v. *Cook*, 227 N. Y. 297; *Ackley* v. *Board of Education*, 174 App. Div. 44; *Ford* v. *O'Shea*, 136 Misc. Rep. 921; 228 App. Div. 772; *People ex rel. Wells & Newton Co.* v. *Craig*, 232 N. Y. 125; *Matter of Brennan* v. *Board of Education*, 245 N. Y. 8; *Bullock* v. *Cooley*, 225 N. Y. 566; *Campbell* v. *City of New York*, 244 N. Y. 317.)

CRANE, J. The General Municipal Law (Cons. Laws, ch. 24), section 51, reads: " All officers, agents, commissioners and other persons acting,  *  *  *  for and on behalf of any county, town, village or municipal corporation in this state, and each and every one of them, may be prosecuted, and an action may be maintained against them to prevent any illegal official act on the part of any such officers, agents, commissioners or other persons, or to prevent waste or injury to, or to restore and make good, any property, funds or estate of such county, town, village or municipal corporation by any person or corporation whose assessment,  *  *  *  shall amount to one thousand dollars, and who shall be liable to pay taxes on such assessment in the county, town, village or municipal corporation to prevent the waste or injury of whose property the action is brought."

Although the Board of Education of the city of New York is a separate and distinct corporation from the municipality itself and is in effect a State agency for carrying out and enforcing our educational system (*People ex rel. Wells & Newton Co.* v. *Craig*, 232 N. Y. 125), and in this respect its officers and agents are performing State as distinguished from city functions (*Schieffelin* v. *Komfort*, 212 N. Y. 520), yet the Board

expends the city's money raised by taxation, and within certain limitations its expenditures may be limited, investigated and controlled by the city authorities. (*Matter of Hirshfield* v. *Cook*, 227 N. Y. 297.) The administration of public education in the city is somewhat of a dual character. Appointments to the Board are made by the city officials; its funds are held in custody by the City Comptroller who, under section 880 of the Education Law (Cons. Laws, ch. 16), is prohibited from permitting the use of such funds for any purpose other than that for which they are lawfully authorized. (*Matter of McNutt Co.* v. *Eckert*, 257 N. Y. 100.) The city authorities also have some supervision over the amount of the yearly appropriations. (*Matter of Hirshfield* v. *Cook*, *supra; Matter of Fleischmann* v. *Graves*, 235 N. Y. 84.) We think, therefore, that section 51 of the General Municipal Law applies to the Board of Education of the city of New York in so far at least as to authorize an action by a taxpayer to prevent waste of the city's money. In effect we have so held in affirming *Rees* v. *Teachers' Retirement Board* (130 Misc. Rep. 442; 247 N. Y. 372).

This action has been commenced under this section 51 of the General Municipal Law to prevent waste of the city's money in the purchase of books entitled, " Bible Readings," and certain hymn books alleged to be used at the opening exercises in some of the public schools in New York city.

By the Laws of 1851, chapter 386, section 18, now section 1151 of the Greater New York Charter (Laws of 1901, ch. 466), all denominational teaching and dogmatic books are excluded from the public schools of the city of New York, with this proviso: " But nothing herein contained shall authorize the board of education or the school board of any borough to exclude the Holy Scriptures, without note or comment, or any selections therefrom, from any of the schools provided for by this chapter; but it shall not be competent for the said board of education

to decide what version, if any, of the Holy Scriptures, without note or comment, shall be used in any of the schools; provided that nothing herein contained shall be so construed as to violate the rights of conscience, as secured by the constitution of this state and of the United States." The taxpayer claims that this provision is unconstitutional, as in violation of section 3 of article I and section 4 of article IX of the State Constitution. The former reads as follows:

" § 3. The free exercise and enjoyment of religious profession and worship, without discrimination or preference, shall forever be allowed in this State to all mankind; and no person shall be rendered incompetent to be a witness on account of his opinions on matters of religious belief; but the liberty of conscience hereby secured shall not be so construed as to excuse acts of licentiousness, or justify practices inconsistent with the peace or safety of this State."

And the latter:

" § 4. Neither the State nor any subdivision thereof, shall use its property or credit or any public money, or authorize or permit either to be used, directly or indirectly, in aid or maintenance, other than for examination or inspection, of any school or institution of learning wholly or in part under the control or direction of any religious denomination, or in which any denominational tenet or doctrine is taught."

The complaint which states the grievance is based upon the waste of the city's money in purchasing the books above referred to. It alleges that the plaintiff is a taxpayer and that the Board of Education has purchased these books out of the public moneys raised for educational purposes in the city of New York by taxation, and that in doing so the Board committed an unlawful waste of the public moneys devoted to purposes of secular education. The relief asked for is a judgment restraining the Board of Education from making these

purchases. The taxpayer's action permitted by section 51 of the General Municipal Law, above referred to, is to restrain and to prevent the waste of money by the officials or agents of a municipality through expenditure for illegal and unauthorized objects. The complaint fails to allege the necessity for the injunction prayed for. The books, it is said, have already been purchased, and there is no allegation or claim that the Board of Education has contracted for or is about to contract for or purchase any other books of the same or similar nature. Nothing in the papers on which this action is brought indicates or suggests that any further moneys for this purpose are to be expended by the Board of Education and consequently there is no waste to be enjoined even if we should consider the purchase of such books illegal. Should the collection of scriptural readings and hymn books be given to the Board of Education, this action to prevent waste, it is conceded, could not be maintained, as none of the taxpayer's money would be expended for the purpose. As an action to prevent waste, therefore, this complaint cannot be sustained.

The taxpayer, however, may also bring an action to enjoin or prevent any illegal official act (*Altschul* v. *Ludwig*, 216 N. Y. 459), and the plaintiff here is seeking not only to prevent the purchase but the *use* by authority of the Board of Education of the books in question. The officials to be restrained must be city as distinguished from State officials. (*Schieffelin* v. *Komfort*, 212 N. Y. 520, holding the Board of Elections of New York city not municipal officers and not within the provisions of section 51 of the General Municipal Law; *Slavin* v. *McGuire*, 205 N. Y. 84, holding the same as to the Civil Service Commission of New York city.) (See, also, *County of Albany* v. *Hooker*, 204 N. Y. 1.) The Board of Education is a corporation created by the State Legislature for the purpose of enforcing a State function, and in so far as the Board acts under the Education Law in

establishing school districts, rules and regulations for scholars and teachers, grades and examinations, studies and hours of studies, the Board and its members act as officers of the State. (*Titusville Iron Co.* v. *City of New York*, 207 N. Y. 203, 208; *Matter of Hirshfield* v. *Cook*, 227 N. Y. 297, 301; *People ex rel. Wells & Newton Co.* v. *Craig*, 232 N. Y. 125; *Matter of Brennan* v. *Board of Education*, 245 N. Y. 8; *Herman* v. *Board of Education*, 234 N. Y. 196; *Lessin* v. *Board of Education*, 247 N. Y. 503, p. 510.) Section 51 of the General Municipal Law cannot, in the absence of waste or illegal expenditures, be used to enjoin the educational functions of the State. (*Barringer* v. *Powell*, 230 N. Y. 37, p. 43; *Matter of Levitch* v. *Board of Education*, 243 N. Y. 373; *Matter of Pardee* v. *Rayfield*, 230 N. Y. 543.)

In *People ex rel. Lewis* v. *Graves* (245 N. Y. 195) a peremptory order of mandamus was sought to compel the Commissioner of Education to order the school authorities of White Plains to discontinue school regulations whereby public school children at the request of their parents were to be excused one-half hour of each week to enable them to receive religious instruction in church schools. Although we affirmed the lower courts in refusing the order, we did not question the practice.

This court in *Southern Leasing Co.* v. *Ludwig* (217 N. Y. 100) held that the equitable remedy of an injunction under the General Municipal Law is to be granted or withheld in accordance with the principles which govern the exercise of equitable jurisdiction, and that the statute was designed to give a remedy where none had been available before. As to the constitutionality of section 1151 of the charter, we express no opinion, as the complaint in this action is insufficient to raise the question.

The judgment should be affirmed, with costs.

CARDOZO, Ch. J., POUND, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment affirmed.