JOSEPH LEWIS, a Taxpayer of the City of New York, Appellant, *v.* THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, a Corporation, Respondent.*

First Department, March 13, 1936.

---

* Modfg. and affg. 157 Misc. 520.

*Joseph Wheless,* for the appellant.

*Ralph W. Thomas* of counsel [*Paxton Blair* with him on the brief; *Paul Windels, Corporation Counsel*], for the respondent.

PER CURIAM. The answer denies the allegation of the amended complaint to the effect that the moneys realized by the religious societies at the meetings referred to are utilized for the private and personal uses of the denominational groups. Rule 90 of the Rules of Civil Practice relieves defendant of the necessity of repeating or incorporating that denial in any defense. (See, also, *Blackwell* v. *Columbia Trust Co.,* 199 App. Div. 759.) The first defense, wherein defendant alleges that the religious organizations are permitted to use public schools only for the conduct of ethical, educational and cultural purposes and in no way for the inculcation of religious tenets, read in connection with the denial above referred to, is a good defense to the first cause of action.

A taxpayer may bring an action against the board of education of the city of New York to prevent waste of the city's money. (*Lewis* v. *Board of Education of City of New York,* 258 N. Y. 117; *Rees* v. *Teachers' Retirement Board of City of New York,* 130 Misc. 442; revd., 221 App. Div. 646; revd., 247 N. Y. 372.) The second defense, which states, in effect, that a taxpayer's action is not maintainable to interfere with expenditures in connection with the educational policies adopted and pursued by the board of education, is accordingly insufficient as a defense as to the second cause of action.

As pointed out in the *Lewis* case, a taxpayer's action may not be used for the purposes of litigating the right of the board to make rules and regulations in connection with the discharge of its function as a State instrumentality. The second defense is, therefore, sufficient with respect to the third cause of action which involves policy and administration of educational matters.

The matter set forth in the third defense, which relies on section 1151 of the Greater New York Charter, could be established under the denials in the answer. However, there is no harm in permitting the third defense to stand as a defense as to both the second and third causes of action.

The order appealed from is modified by providing for the dismissal of the second defense only in so far as the second cause of action is concerned and limiting the second defense to the third cause of action and, as so modified, the order should be affirmed, without costs.

Present — McAvoy, Townley, Untermyer, Dore and Cohn, JJ.

Order modified by providing for the dismissal of the second defense only in so far as the second cause of action is concerned and limiting the second defense to the third cause of action, and as so modified affirmed, without costs.