S. Thorne Smith, Plaintiff, *v.* Farrand Optical Co., Inc., et al.,
Defendants.

Supreme Court, Special Term, New York County, April 27, 1943.

*Abraham Fishbein* for plaintiff.

*Benjamin E. Lander* and *Milton L. Mound* for defendants.

McLaughlin, J. Motion by the plaintiff to strike out the two affirmative defenses in the answer. The plaintiff relies upon a written agreement between the parties which he asserts was for a legitimate purpose. The defendant claims, in effect, that this written agreement was nothing more than a cover-all for an illicit and illegal relationship between the parties and was based upon an actual agreement to· violate the law insofar as the plaintiff would be required to use his influence with the Navy Department in obtaining United States Government contracts for the defendant. Defendant contends that the term " servicing contracts " was used as a blind for their real arrangement, which was illegal. If the facts set forth in the first defense are established, then the illegality of the alleged contract sued upon will be shown. A· defense of illegality may always be pleaded. (*McCraith* v. *Buss,* 198 App. Div. 524.)

The second defense pleads subsequent events which defendant claims show that plaintiff could not perform his contract by reason of the fact that plaintiff was forbidden access to the building and offices of the Navy Department. If these facts were established, then there could be no recovery, for then the

plaintiff could not perform his contract as it is claimed to be by the defendant. However, even if it be assumed that the defendant could establish the facts alleged in the second defense under a general denial, they nevertheless should be permitted to stand as a defense. (*Lewis* v. *Board of Education of City of New York,* 247 App. Div. 106, where at page 108 it was said: '' The matter set forth in the third defense, which relies on section 1151 of the Greater New York Charter, could be established under the denials in the answer. However, there is no harm in permitting the third defense to stand as a defense as to both the second and third causes of action.'')

The motion is in all respects denied.