In the Matter of TESSIM ZORACH et al., Appellants, against ANDREW G. CLAUSON, JR., et al., Constituting the Board of Education of the City of New York, et al., Respondents, and GREATER NEW YORK CO-ORDINATING COMMITTEE ON RELEASED TIME OF JEWS, PROTESTANTS AND ROMAN CATHOLICS, Intervener, Respondent.— In a proceeding pursuant to article 78 of the Civil Practice Act, petitioners appeal from a final order dated June 23, 1950, which (1) denied petitioners' motion for an order directing a trial in respect to issues of fact; (2) granted the motion of the intervener-respondent for a final order dismissing the proceedings on the merits on the ground that the petition failed to state facts sufficient to constitute a cause of action; (3) sustained the objections of respondents in point of law to the petition; and (4) denied petitioners' application in all respects and dismissed their petition on the merits as a matter of law. The purpose of the proceeding was to obtain an order, directed to respondent board of education and respondent Commissioner of Education, to discontinue the program of released time for religious education in practice in New York City and to rescind the regulations promulgated by both respondents, respecting and authorizing such released time program. Paragraph b of subdivision 1 of section 3210 of the Education Law provides that absence from attendance upon instruction, as required by that statute, shall be permitted for religious observance and education, under rules that the Commissioner of Education shall establish. Pursuant to such statutory authority, respondent Spaulding, as Commissioner of Education, established the following regulations: " 1. Absence of a pupil from school during school hours for religious observance and education to be had outside the school building and grounds

will be excused upon the request in writing signed by the parent or guardian of the pupil. 2. The courses in religious observance and education must be maintained and operated by or under the control of duly constituted religious bodies. 3. Pupils must be registered for the courses and a copy of the registration filed with the local public school authorities. 4. Reports of attendance of pupils upon such courses shall be filed with the principal or teacher at the end of each week. 5. Such absence shall be for not more than one hour each week at the close of a session at a time to be fixed by the local school authorities. 6. In the event that more than one school for religious observance and education is maintained in any district, the hour for absence for each particular public school in such district shall be the same for all such religious schools." (Regulations of Comr. of Educ., art. 17, § 154; 1 N. Y. Official Compilation of Codes, Rules and Regulations, p. 683.) Thereafter, respondent board of education, purporting to act in accordance with the regulations adopted by the Commissioner of Education, established the following regulations: "1. A program for religious instruction may be initiated by any religious organization, in cooperation with the parents of pupils concerned. There will be no announcement of any kind in the public schools relative to the program. 2. When a religious organization is prepared to initiate a program for religious instruction, the said organization will notify parents to enroll their children with the religious organization, and will issue to each enrolled pupil a card countersigned by the parent and addressed to the principal of the public school, requesting the release of the pupil from school for the purpose of religious instruction at a specific location. The said cards will be filed in the office of the public school as a record of pupils entitled to be excused, and will not be available or used for any other purpose. 3. Religious organizations, in cooperation with parents, will assume full responsibility for attendance at the religious center and will file with the school principal, weekly, a card attendance record and in cases of absence from religious instruction, a statement of the reason therefor. 4. Upon the presentation of a proper request as above prescribed, pupils of any grade will be dismissed from school for the last hour of the day's session on one day of each week to be designated by the Superintendent of Schools: A different day may be designated for each borough. 5. Pupils released for religious instruction will be dismissed from school in the usual way and the school authorities have no responsibility beyond that assumed in regular dismissals. 6. There shall be no comment by any principal or teacher on the attendance or non-attendance of any pupil upon religious instruction." Petitioners contended, for reasons set forth in their petition, that the regulations so established and the operation thereunder of the "released time program" in New York City, pursuant thereto, prohibited the free exercise of religion in violation of the First and Fourteenth Amendments of the United States Constitution, and section 3 of article I of the Constitution of the State of New York, and that section 3210 of the Education Law, if construed to authorize the establishment of such regulations and the operation of the released time program thereunder as described in their petition, was also unconstitutional as violative of the First and Fourteenth Amendments of the United States Constitution. Order affirmed, with one bill of $10 costs and disbursements to respondents and intervener-respondent. Paragraph b of subdivision 1 of section 3210 of the Education Law, which merely provides that absence from attendance on required instruction shall be permitted for the specified religious purposes under rules to be established, is in no way unconstitutional.

Moreover, if the truth of all of the well-pleaded allegations of the petition is conceded, petitioners have failed to allege facts sufficient to establish any invasion of their constitutional rights by the adoption of the regulations complained of, or the operation thereunder of the "released time program." (Cf. *People ex rel. Lewis* v. *Graves*, 245 N. Y. 195, and *Matter of Lewis* v. *Spaulding*, 193 Misc. 66.) *Illinois ex rel. McCollum* v. *Board of Educ. of School Dist. No. 71, Champaign Co.* (333 U. S. 203), which may be readily distinguished on its facts, does not require a contrary determination. Nolan, P. J., Carswell and Sneed, JJ., concur; Adel, J., dissents and votes to reverse the order and to grant the motion of petitioners for the relief demanded in the petition, with the following memorandum: The program described in the regulations adopted under paragraph b of subdivision 1 of section 3210 of the Education Law, and which admittedly is in operation in New York City, is in violation of the constitutional requirement for separation of church and state. (*Illinois ex rel. McCollum* v. *Board of Educ. of School Dist. No. 71, Champaign Co.*, 333 U. S. 203.) The elements of the program operated in Champaign, Illinois, are factually different from those in the New York City program in suit, but the difference in facts requires no different holding. The New York City program is void in that it is integrated with the State's compulsory education system which assists the program of religious instruction carried on by separate religious sects; in that it releases pupils, who are compelled to attend public schools for secular education, from part of their legal duty upon condition that they attend religious classes; and in that the State's compulsory public school machinery is used to afford aid and assistance to sectarian groups by helping provide pupils for religious classes. Wenzel, J., concurs with Adel, J. [198 Misc. 631.]