ABRAHAM ROSENBLUM, Plaintiff, *v.* J. KENDRICK NOBLE et al., Defendants.

Supreme Court, Westchester County, September 10, 1943.

_Thomas F. Sullivan_ for plaintiff.

_William A. Walsh, Jr.,_ for J. Kendrick Noble, defendant.

_Nathaniel Goldstein, Attorney-General,_ for Ira Robbins, Acting Commissioner of Housing of the State of New York, defendant.

NOLAN, J.   Plaintiff and defendant Noble each move for judgment on the pleadings, and each concedes that the pleadings raise no issue of fact.   Plaintiff was appointed a member of the Municipal Housing Authority of the City of Yonkers, on June 24, 1935, for a term of four years.   In May, 1938, plaintiff was appointed a member of the Board of Education, for a term of five years, expiring May 3, 1943.   On June 24, 1939, while plaintiff was serving as a member of the Board of Education, he was reappointed a member of the Housing Authority for a term of five years, to terminate on June 23, 1944.   On July 14, 1943, and after the expiration of plaintiff's term as a member of the Board of Education, pursuant to his appointment in 1938, the City Manager of the City of Yonkers, evidently believing that a vacancy existed on the Housing Authority, appointed the defendant Noble a member of that body.   Both plaintiff and defendant Noble claim to be lawfully acting or entitled to act as members of the Housing Authority, and ask that their rights be determined in this action.

The Public Housing Law, by subdivision 4 of section 30, which relates to Municipal Housing Authorities, provides: " Not more than one member of an authority may be an official of the municipality at any one time.   In the event that an official of the municipality shall be appointed as a member of the authority, acceptance or retention of such appointment shall not be deemed

a forfeiture of his municipal office, or incompatible therewith or affect his tenure or compensation in any way. The term of office of a member of an authority who is an official of the municipality shall terminate at the expiration of the term of his municipal office ''.

Defendant Noble contends that since the plaintiff was a member of the Board of Education, in 1939, when he was reappointed to the Housing Authority, he was at that time an '' official of the municipality '', within the meaning of section 30 of the Public Housing Law, and that his term of office, as a member of such authority, consequently terminated on May 3, 1943, when his term as a member of the Board of Education, pursuant to appointment in 1938, expired.

If the plaintiff was not an '' official of the municipality '' within the meaning of the statute, obviously his term as a member of the Housing Authority has not terminated, no vacancy existed at the time of defendant Noble's appointment, and that appointment is void.

It is the opinion of the court that plaintiff, as a member of the Board of Education, is not an official of the municipality, within the meaning of the relevant provisions of the Public Housing Law.

That statute, by subdivision 5 of section 3, provides: '' The terms ' municipal corporation ' and ' municipality ' mean a city, town or village ''.

Plaintiff, as a member of the Board of Education, was not an official of the City of Yonkers.

While it is true that boards of education, in cities, perform functions connected with city government, and for some purposes are commonly regarded as departments of the cities in which they exist, it does not follow that the members of such boards are city officers. While some of the activities of such boards have an intimate connection with city government, the boards are, nevertheless, corporations created by the State Legislature for the purpose of enforcing a State function, entirely separate and apart from the municipalities in which they exist. (Education Law, § 300; *People ex rel. Wells & Newton Co.* v. *Craig,* 232 N. Y. 125; *Matter of Fleischmann* v. *Graves,* 235 N. Y. 84; *Brooks* v. *Wyman,* 246 N. Y. 534; *Lewis* v. *Board of Education,* 258 N. Y. 117; *Matter of Divisch* v. *Marshall,* 281 N. Y. 170).

*Metzger* v. *Swift* (258 N. Y. 440) is not controlling. In that case, it was decided that a defendant, who was a member of the Board of Higher Education of the City of New York, held

an office " connected with the government of the City of New York ", within the meaning of the Greater New York Charter (L. 1901, ch. 466, as amd.). The question there presented was considerably different from that presented here.

Plaintiff is entitled to judgment, as demanded in his complaint. Settle order on notice.