In the Matter of WILLIAM A. SCHLOBOHM et al., Petitioners, against MUNICIPAL HOUSING AUTHORITY FOR THE CITY OF YONKERS et al., Respondents.

Supreme Court, Special Term, Westchester County, February 23, 1946.

---

* See, also, *Koussevitzky* v. *Allen, Towne & Heath, Inc.,* 188 Misc. 479. — [REP.

*·Walsh & Baird* for petitioners.

*Lampke & Stein* for respondents.

SCHMIDT, J.   The petitioners above named have brought a mandamus proceeding to compel the Housing Authority for the City of Yonkers to recognize and seat them as members.   They were appointed by the then City Manager on December 31, 1945. Thereafter the Mayor appointed two other persons as members of the authority.

Two questions are before the court.   (1) Is mandamus or quo warranto the proper proceeding?   (2) Is the city manager or the mayor entitled to make appointments to the Housing Authority?

As to the first question, mandamus is the proper proceeding if there is a vacancy in office.   Quo warranto is the proper proceeding if the office is held by persons under color of right and others claim the right to the offices.   Here the authority has recognized the mayor's appointees on advice of its counsel and the petitioners claim the offices held by them.   Quo warranto is therefore the proper proceeding and the present one must be dismissed.   (*People ex rel. Wren* v. *Goetting,* 133 N. Y. 569.) Mandamus will not be granted where the party has another specific remedy like quo warranto which will bring all parties claiming office before the court.   (*People ex rel. Manice* v. *Powell,* 201 N. Y. 194; *Matter of Gardner,* 68 N. Y. 467; *People ex rel. McLaughlin* v. *Police Comrs.,* 174 N. Y. 450.)

As to the second question, the mayor has the power of appointing the members of the Housing Authority.   A clear line must be drawn before the appointment of persons performing local municipal functions and those performing State functions.   The appointment of the former is properly regulated by local char-

ters and local laws, and that of the latter by the appropriate State laws. As to the former the power of appointment in Yonkers is vested generally in the City Manager and in some cases in the Mayor with the advice and consent of the Council. Thus the manager does not have exclusive power of appointment.

Subdivision 2 of section 30 of the Public Housing Law governs the appointment of members of the Housing Authority and reads in part " The mayor of a city * * * shall appoint members * * *."

Only if the City of Yonkers could by amending Local Law No. 3 of 1938 transfer to the manager the right given by the State statute to the mayor, can it now be said that the manager has this power of appointment. Subdivision 2 of section 12 of the City Home Rule Law provides: " No local law shall supersede any provision of an act of the legislature except as authorized by section eleven or other provision of an act of the legislature."

Section 11 provides in subdivision 1: " Such local laws may change or supersede any provision of an act of the Legislature theretofore enacted which provision does not in terms and in effect apply alike to all cities."

Section 30 of the Public Housing Law is part of a general statute, dealing with a State and not a local function and applying alike to all cities having a Housing Authority and it cannot therefore be changed by any local law. Hence the mayor is authorized by this State statute to make the appointments in question.

The effect of the City Home Rule Law on the powers conferred and the constitutional authority by which it was enacted have been construed by the courts in opinions with which the decision of this court in the instant case conforms. (*Browne* v. *City of New York*, 241 N. Y. 96, 119; *Adler* v. *Deegan*, 251 N. Y. 467, 490.)

A similar question was raised in *People ex rel. Elkind* v. *Rosenblum* (184 Misc. 916, affd. on opinion of Special Term, 269 App. Div. 859). There the right of the Mayor of Yonkers to appoint a member of the Board of Education without " the advice and consent of the common council " was questioned. Article XVII of Local Law No. 3 of 1938 required such " advice and consent " of the Common Council for the appointment of members of the Board of Education. The court held that the mayor acted under the provisions of the State Education Law which could not be changed or modified by local law.

In *Rosenblum* v. *Noble* (182 Misc. 451, 453) the court held that a member of a Board of Education was not an official of the municipality. Justice NOLAN, now on the Appellate Division, held: "While some of the activities of said boards have an intimate connection with city government, the boards are, nevertheless, corporations created by the State Legislature for the purpose of enforcing a State function, entirely separate and apart from the municipalities in which they exist * * *."

This reasoning applies with even greater force to a Public Housing Authority which is supported out of its own corporate earnings and by government subsidies. It is under the supervision of the New York State Division of Housing and the Federal Public Housing Authority and except for the right of the Common Council to approve or disapprove the compensation of officers and employees, the city has no power or control over the authority.

It therefore follows that the State statute controls and the mayor has the sole right to appoint members of the Municipal Housing Authority for the City of Yonkers.

Submit order on three days' notice.