MONROE AMUSEMENTS, INC., Plaintiff, *v.* CITY OF ROCHESTER, et al., Defendants.

Supreme Court, Special Term, Monroe County, November 1, 1947.

*Harry D. Goldman* for plaintiff.

*William H. Emerson, Corporation Counsel,* for defendants.

WARNER, J.  The plaintiff herein has brought an action demanding judgment against the defendants, that their officers,

agents and employees be forever enjoined and restrained from prohibiting, and in any way interfering with the regular and orderly public exhibiting and display of the motion picture "Forever Amber" and alleges that without such relief it will suffer substantial and irreparable loss and damage, for which it has no adequate remedy at law.

Said plaintiff, a domestic corporation, owns and operates a moving-picture theatre in the city of Rochester, New York, commonly referred to and known as the Regent Theatre. It has contracted for and is presently showing in said theatre, a motion-picture film entitled "Forever Amber," which said showing began on October 29, 1947.

On October 29, 1947, Thomas C. Woods, Commissioner of Public Safety of the City of Rochester, New York, one of the within-named defendants, acting in his official capacity, disapproved the aforesaid film entitled "Forever Amber" and served James H. Eshelman, City Manager of the plaintiff corporation, with a notice signed by said defendant, Thomas C. Woods, Commissioner of Public Safety, advising said Eshelman that pursuant to subdivision 2 of section 39-6 of the Municipal Code of the City of Rochester, New York, said defendant prohibited the exhibition and display of the motion picture "Forever Amber" and ordered said Eshelman and plaintiff to withdraw said film immediately. Said notice was served, at approximately 10:00 P.M., on October 29, 1947.

On October 30, 1947, a show cause order was issued herein out of this court, on the application of the plaintiff, ordering said defendants to show cause before this court, at a Special Term thereof, on October 30, 1947, why a preliminary injunction should not be issued herein enjoining the defendants, pending the determination of this action, from enforcing the notice of the defendant, Thomas C. Woods, Commissioner of Public Safety, which prohibits the plaintiff from the exhibition, use and display of the moving-picture film "Forever Amber" and further enjoining said defendants from in any way interfering with the regular and orderly display of said film at the Regent Theatre in the city of Rochester, New York; and which aforesaid order also enjoined and stayed the defendants, pending the hearing and determination of this order to show cause, from prohibiting the exhibition of said moving-picture film "Forever Amber", or from interfering in any way with the regular and orderly exhibition of said film.

The defendants having appeared by counsel on the return of the show cause order on October 30, 1947, and oral arguments

on behalf of the plaintiff and defendants having been made by respective counsel for the parties hereto and defendants having been granted one day in which to file and serve answering affidavits, and the plaintiff having been granted time until October 31, 1947, at 6:00 P.M., in which to file affidavits in reply to the aforesaid answering affidavits, the matter is now before the court, with only such delay as required by orderly procedure, for its consideration and determination of the issues involved.

The plaintiff by its motion herein, seeks to have the said order of the defendant, Thomas C. Woods, Commissioner of Public Safety, vacated and voided. It contends that the action of the City of Rochester and its Commissioner of Public Safety is unwarranted and illegal. It contends further that said film "Forever Amber" is not obscene, indecent or immoral and does not tend to debase, corrupt or deprave the minds or morals of people. It urges that the action of the defendants in prohibiting the showing of said film is unreasonable, capricious and arbitrary. It urges further that before said picture could be exhibited in the State of New York, it was required to pass the Censorship Board for the State of New York, which is an arm of and under the jurisdiction of the State Board of Education.

Section 10-1 of Volume II of the Municipal Code of the City of Rochester imposes a duty upon the Commissioner of Public Safety to investigate, examine and inspect moving-picture film or reel and prohibit the exhibition of same if, in his judgment, the same is obscene, indecent or immoral or tends to debase, corrupt or deprave the minds or morals of people.

Subdivision 2 of section 39–6 of Volume II of said Municipal Code provides in part as follows: " 2. No person shall exhibit, use or display any moving picture film or reel in the city of Rochester which said film or reel the commissioner of public safety * * * has disapproved. The commissioner may designate one or more of his subordinates each to act individually, to inquire into and investigate moving picture films and reels * * *. A moving picture film or reel shall not be approved if in the judgment of the person making the inquiry, investigation and decision, it or any part thereof is obscene, indecent, immoral or tends to debase, corrupt or deprave the minds or morals of people. The commissioner or subordinate making inquiry or investigation may make an examination or inspection of the film or reel, or he may take such means as he deems advisable to inform himself in respect thereto."

Defendants in their answering affidavits, on the motion made herein, state that the defendant, Thomas C. Woods, Commis-

sioner of Public Safety, as aforesaid, requested a preview of the film "Forever Amber" on the afternoon of October 28, 1947, and was informed that it was impossible to have such preview as the said film would not arrive in Rochester, New York, until show time the following day.

Defendants further state in said answering affidavits that said Thomas C. Woods, Commissioner of Public Safety of the City of Rochester, New York, as authorized by the Municipal Code of said city, directed two of his subordinates, who, in his opinion, were the best qualified for such duty, to separately view the film "Forever Amber" and report to him their conclusions as to whether the said film violated section 39-6 of the Municipal Code of said city; that pursuant to said directions, Mr. Henry Jensen, Director of the Youth Bureau of the City of Rochester and Director of the Police Athletic League, Department of Public Safety, and Mr. William H. Keeler, Safety Supervisor of the Bureau of Police assigned to the Board of Education, viewed the moving picture "Forever Amber" at the said Regent Theatre on October 29, 1947, for the purpose of making recommendations to the said commissioner as to whether said picture violated section 39-6 or section 10-1 of said Municipal Code; that on said October 29, 1947, said commissioner received the individual reports of Mr. Jensen and Mr. Keeler, each of which said officers found the picture, in his opinion, to be lewd, indecent, immoral and in violation of the aforesaid ordinances and so reported to Commissioner Woods; that said Commissioner Woods also personally viewed the aforesaid picture on October 29, 1947, and found it in his opinion to be indecent, immoral and tending to debase and deprave the minds and morals of people.

It appears that as a result of the inquiry and investigation made by the said commissioner, individually, and through subordinates, pursuant to a duty imposed by provisions of the Municipal Code, the commissioner decided that in his judgment the said moving picture " Forever Amber " should not be approved and thereupon caused a notice, constituting an official determination, to be served upon the plaintiff, advising said plaintiff that pursuant to subdivision 2 of section 39-6 of the Municipal Code of the City of Rochester, New York, he, the said commissioner, prohibited the exhibition and display of the motion picture "Forever Amber" and ordered plaintiff to withdraw said film immediately.

Defendants submit that the action of the Commissioner of Public Safety in carrying out his sworn duties when he disap-

proved the picture in question was neither capricious nor arbitrary but was based upon the sound judgment of himself and two of his subordinates. With respect to that question this court concludes that the action of the commissioner was not arbitrary and capricious provided that the ordinance in question were valid and of sufficient legal force and effect to afford the commissioner the authority which he assumed to have in prohibiting the exhibition by the plaintiff of said moving-picture film ''Forever Amber.''

However, the plaintiff submits· that the licensing of motion-picture films is clearly a matter of State legislation and governed by section 1082 of the Education Law of the State of New York, contained in article 43 of that Law which reads as follows (see now art. 3, § 122): ''The director of the division or, when authorized by the regents, the officers of a local office or bureau shall cause to be promptly examined every motion picture film submitted to them as herein required, and unless such film or ·a part thereof is obscene, indecent, immoral, inhuman, sacrilegious, or is of such character that its exhibition would tend to corrupt morals or incite to crime, shall issue a license therefor. If such director or, when so authorized, such officer shall not license any film submitted, he shall furnish to the applicant therefor a written report of the reasons for his refusal and a description of each rejected part of a film not rejected in toto.''

Defendants do not challenge the statement made by the plaintiff in its moving papers that the motion picture ''Forever Amber'' has been duly and regularly licensed by the State of New York for showing in this State and, therefore, it may be assumed, as conceded, that said picture has been duly and regularly licensed by the State of New York for showing in this State.

Defendants having submitted that the Commissioner of Public Safety of the City of Rochester is duly authorized, pursuant to certain ordinances hereinbefore referred to, to pro-·hibit the showing of the film ''Forever Amber'' in the Regent Theatre of said city, provided that, after inquiry and investigation, he determines that said moving-picture film or reel, or any part thereof, is obscene, indecent, immoral or tends to debase, corrupt or deprave the minds or morals of people; and plaintiff having submitted that the propriety of the motion-picture film ''Forever Amber'' is determined and governed by section 1082 of the Education Law of the State of New York, rather than by the ordinances of the City of Rochester, pursuant

to which the defendants have assumed to act, the court will concern itself first with the conflict which seems to exist between the licensing of said motion picture by the State of New York and the regulation and prohibition thereof by the said Commissioner of Public Safety pursuant to the aforesaid ordinance of said city.

The court concludes that where any conflict exists between the licensing by the State of New York of any motion picture and the regulation and direction thereof by any ordinance of the City of Rochester, the ordinance must, as a matter of law, yield to the provisions of the statutory law of the State and that the laws of the State shall have preference and supersede local ordinances. The decision in the case of *Jewish Consumptives' Relief Soc. v. Town of Woodbury* (230 App. Div. 228, affd. 256 N. Y. 619) is to that effect where it was held that a town ordinance which, in effect, prohibited the erection of a tuberculosis hospital within the town limits, was void because it was in contravention of the Public Health Law, a State statute. This case further holds that a municipality has no authority to abrogate State laws unless specifically empowered to do so in clear and explicit terms. Of course, as stated in the aforesaid decision (p. 236), * * * "If the State adopts a valid law upon a given subject, and the Legislature sees fit to give the municipality a power to the contrary, the latter supersedes the former." The defendants do not urge, in the instant case, that the ordinances in question supersede section 1082 of the Education Law, nor has anything been brought to the attention of the court which would reasonably lead it to such a conclusion.

It is the judgment of this court that section 10-1 and subdivision 2 of section 39–6 of Volume II of the Municipal Code, are invalid and void and that the action of the Commissioner of Public Safety of the said City of Rochester in prohibiting the showing of the moving-picture film "Forever Amber" was unwarranted and illegal and ineffective to legally prohibit the plaintiff from showing and displaying the motion picture " Forever Amber ". Accordingly, the order of the defendant, Commissioner of Public Safety, is vacated and voided and the defendants, and each of them, their officers, agents and servants, are enjoined, pending the determination of the within-entitled action, from interfering with or prohibiting the exhibition by the plaintiff of the moving-picture film "Forever Amber ".

Let order enter accordingly.