THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ALLEN WILE, Appellant.

County Court, Westchester County, August 17, 1955.

*Sol H. Yellin* for appellant.

*Jos. F. Gagliardi, District Attorney,* and *Arthur F. Reuter, Village Attorney,* for respondent.

FANELLI, J.  This appeal by defendant from a judgment of conviction entered in the Court of Special Sessions of the Village of Tuckahoe, brings up for review the authority of the Village of Tuckahoe to require the holder of a solicitor's permit, issued by the State Liquor Authority, pursuant to the Alcoholic Beverage Control Law (§ 93) to obtain a license from the village clerk as a prerequisite to the solicitation of orders for beer in the village.

Section 3 of Ordinance No. 2 of the Village of Tuckahoe provides: " It shall be unlawful for any person within the corporate limits * * * to act as a hawker, peddler or solicitor without first having obtained and having in force and effect a license therefor." Defendant had no such license and was charged with a violation of the above ordinance for soliciting orders for the sale of beer in the village. Defendant was an employee of the holder of a wholesale beer distributor's license issued by the State Liquor Authority and himself the holder of a solicitor's permit issued by said Authority.

The judgment of conviction cannot stand. The Alcoholic Beverage Control Law regulates and controls the manufacture, sale and distribution within the State of alcoholic beverages (§ 2) and vests in the State Liquor Authority the power to grant licenses and permits. It also has the right to investigate each applicant for licenses or permits provided for by the chapter and also power to cancel or suspend any such license or permit for cause. The Village of Tuckahoe may not, in the absence of a specific grant in clear and specific terms, enact an ordinance which prohibits an individual who is licensed by the State Liquor Authority from soliciting orders for the sale of beer. (*Matter of Kress & Co.* v. *Department of Health,* 283 N. Y. 55; *People* v. *County of Westchester,* 282 N. Y. 224; *Jewish Consumptives' Relief Soc.* v. *Town of Woodbury,* 230 App. Div. 228, affd. 256 N. Y. 619.)

The ordinance is, therefore, not applicable to this defendant.

Judgment is accordingly reversed on the law and the facts and the information dismissed. Settle order on notice.