Clarence H. Brisco, J.
This is a motion for an order granting in favor of the plaintiff and against the defendant a summary judgment declaring unconstitutional and invalid and not applicable to the plaintiff herein a certain ordinance of the defendant adopted May 6,1957 to regulate and license peddlers and issuing a permanent injunction against plaintiff’s licensed insurance agents, and for such other and further relief as shall be just and proper in the premises together with the costs of this motion.
This is an action for a declaratory judgment and an injunction. The plaintiff has moved for a summary judgment based upon an affidavit and documents.
The plaintiff, Hearthstone Insurance Company of Massachusetts, is a Massachusetts corporation licensed to do business in New York State. Its agents are licensed by the State of New York as insurance agents. They have exhibited their licenses to the Village Clerk of the Village of Penn Yan, New York.
*360 The defendant village, under its threat of arrest and prosecution, has required the State-licensed agents of the plaintiff to take out village licenses. The said agents have applied for and secured licenses and paid the fee under protest. This said ordinance creates a penalty and a crime.
Insurance contracts are not commodities. Therefore, this ordinance in question does not apply to said contracts. (City of Gregory v. Clausen, 78 S. D. 208 [1959].)
The rule that goods, wares and merchandise do not cover insurance forms the basis of insurance regulation. (Paul v. Virginia, 75 U. S. 168 [1868].) This said rule was not changed by United States v. Underwriters Assn. (322 U. S. 533 [1944]).
The general grant of power from the State to its municipal subdivisions to enact ordinances under its police power does not include the power to license and regulate insurance agents. State regulations supersede all local regulations. (Monroe Amusements v. City of Rochester, 190 Misc. 360 [1947] ; Burstyn, Inc. v. McCaffrey, 198 Misc. 884 [1951]; Ainslie v. Lounsbery, 275 App. Div. 729 [3d Dept., 1949], mot. for lv. to app. den. 275 App. Div. 865; Matter of Tenny v. Sainsbury 7 A D 2d 514 [4th Dept., 1959]; People v. Wile, 208 Misc. 548 [1955]; Grundman v. Town of Brighton, 1 Misc 2d 860 [1955].) Motion granted, without costs.