James H. O’Connor, J.
The plaintiffs in this nonjury action, submitted on agreed state of facts, constitute most of the paid firemen for the Village of Herkimer.
*407 The plaintiffs bring an action in the nature of a declaratory judgment and seek money damages against the defendant in the sum of $8,576.02.
It is the plaintiffs’ claim that the defendant has collected certain funds under sections 553 and 554 of the Insurance Law of the State of New York which funds are derived from a certain tax on premiums of policies of fire insurance of foreign and alien fire insurance stock companies. They claim that the funds should be turned over to an officer of the Village of Herkimer as the proper recipient of said funds, since section 553 of the Insurance Law requires that the money so received shall be used for the benefit of the Fire Department of the city, village or fire district afforded fire protection. Since it is claimed that the defendant is not the Fire Department of the Village of Herkimer, said defendant should not be the recipient of the funds.
The defendant contends on the other hand that it was incorporated by a special act of the Legislature on April 6,1922 being chapter 496 of the Laws of 1922. The statutes involved are as follows:
Section 553 of the Insurance Law states in part as follows: ‘ ‘ there shall be paid to the treasurer of the fire department of every city, village, fire district or other organized territory afforded fire protection by any fire department, or to such other persons as may be designated in any special law heretofore or hereafter enacted * * * the sum of one dollar eighty cents upon the hundred dollars. * * * Except as otherwise provided in any special law heretofore or hereafter enacted, each treasurer of a fire department, or other person receiving any tax imposed by this section * * * shall * * * apportion and pay over all tax so received to the treasurer of the fire company or companies whose obligation it is to render fire protection in the city, village, fire district or other organized territory in which is situated the property insured by the policies upon the premiums on which the tax was paid.” (Italics supplied.)
Section 554 of the Insurance Law provides that the 2% tax on foreign mutual fire insurance companies should be paid to various treasurers of Fire Departments in cities, villages or public officials: “ in those municipalities hereinbefore included in such described protected areas which by special enactment have created fire districts, firemen’s benevolent, exempt or veterans associations which share in the distribution of such monies, to the respective treasurers of such associations.”
*408 Chapter 496 of the Laws of 1922 states in part as follows:
‘ ‘ Section 1. All such persons as now are or have been or hereafter shall be engineers of the fire department, or members of any fire engine, hook and ladder, patrol or hose company in the village of Herkimer, in the county of Herkimer, and all persons residents of said village who now have or shall hereafter have served the time required by the village law and rules and ordinances of the village of Herkimer to entitle them to exemption from services as jurors and militia duty, and who have received or shall hereafter receive the certificate required by said law, rules and ordinances, as evidence of such service and exemption, are hereby constituted a body corporate by the name of the ‘ Firemen’s Benevolent Fund Association of Herkimer, New York,’ for the relief of indigent and disabled firemen and their families”.
“ § 6. All the tax on the business or policies of foreign fire insurance companies doing business within the corporate limits of said village shall be paid to the said association, the same to be used for the care of indigent and disabled firemen and their families, except the sum thereof payable to the Firemen’s Association of the State of New York under the provisions of the insurance law.”
This court is called upon to decide solely the issue framed by the complaint and that is whether the defendant is the proper recipient of the funds provided by the above-mentioned provisions of the Insurance Law of the State of New York. The court does not have before it the question of the accountability of the funds since no proof was presented as to how the funds were used.
Where, as here, a special statute has been enacted by the Legislature designating the recipient of the funds as provided by statute, it is this court’s opinion that that designation can only be changed by another act of the Legislature.
Thus in Ashley Co. v. Fire Dept. of Rochester (73 Misc. 636) it was held that the benevolent association made up of volunteer firemen in the City of Rochester continued to be the proper recipient of the tax moneys afforded by the Insurance Law as aforesaid despite the fact that Rochester subsequently had a paid Fire Department. This reasoning was followed in the ease of Fire Dept. of City of Rochester v. City of Rochester (23 A D 2d 183).
As mentioned before, this court is not concerned with proper application of the funds. In other words, it may very well be proven that the moneys held by the defendant should have been *409 used for indigent and disabled firemen who are not members of their association. This court does not reach the question whether a nonmember fireman of the association would be entitled to the benefits of the association within the meaning of that association’s articles of incorporation under chapter 496 of the Laws of 1922. Well it might be that the plaintiffs do have a claim against the defendant on that theory. (See Niagara Falls Fire Dept. Mut. Assn. v. Exempt Firemens’ Assn. of City of Niagara Falls, 25 A D 2d 484.)
Therefore the complaint should be dismissed on the ground that the defendant is the proper recipient for the moneys provided under sections 553 and 554 of the Insurance Law of the State of New York and plaintiffs ’ proper remedy is by a legislative act.