J. Egbert Lynch, J.
The plaintiff City of Utica has commenced an action by service of a summons and complaint seeking a permanent injunction against the defendant, Mereon, Inc., for its failure to obtain a license under the city’s hawkers and *681 peddlers ordinance. Coincident with that service, it has brought this motion to restrain the defendant preliminarily (CPLB art. 63). The defendant contends that -its activities are not subject to the ordinance and, if it be deemed they are, the ordinance is unconstitutional.
The defendant, a Vermont corporation licensed to do business in the State of New York as a trading stamp company under the provisions of article 29-E of the General Business Law, enlists distributors in this State who in turn solicit businesses to handle its stamps to be given away for merchandise and services. The stamps are sent from Vermont to the businesses agreeing to use them. The distributors then go door to door, giving to each householder empty stampbooks and informing her which businesses will give stamps. The householder is also told that filled stamp books may be redeemed for cash. It is not clear whether redemption may be made at any participating business, or whether it must be made somewhere else in this State or by sending the books to Vermont.
‘ Before the court will grant a preliminary injunction under Article 63, the plaintiff must establish a ‘ clear right ’ to the relief requested * * * By ‘ clear right ’, the courts mean that the plaintiff has a cause of action against the defendant, that the plaintiff is the proper party to bring the action ” (7A Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 6301.18).
At the outset we are confronted by section 578 of article 29-E of the General Business Law, which provides that ‘ ‘ the regulation of trading stamp companies * * * shall be governed solely by the provisions of this article and no local laws or ordinances shall be promulgated with respect thereto ”. How, then, may a trading stamp company, registered under article 29-E, be subjected to a local hawkers and peddlers ordinance? The plaintiff has cited no cases to support its right to the injunction despite this seeming preemption by the State. We have found no authority involving this particular statute-ordinance combination. There are, however, numerous analogous citations. None of them support the plaintiff’s contention.
First, it is a basic principle that the State is sovereign; that, while local governments are granted some rights of home rule (N. Y. Const., art. IX), these are dependent on their not being inconsistent with any general law of the State (Municipal Home Buie Law, § 10, subd. 1). A general statute dealing with State functions, applicable State-wide, cannot be changed by a city’s enactment of a local law (Matter of Schlobohm v. Municipal Housing Auth., 188 Misc. 318, revd. on other grounds 270 App. Div. 1022, affd. 297 N. Y. 911).
*682 The Schlobohm, case held that a local law of the City of Yonkers which gave the City Manager' the power to appoint members of a local housing authority was invalid since the State’s Public Housing Law, applicable to all housing authorities in the State, gave the power of appointment to the Mayor.
Local ordinances which presumed to give municipalities the right to regulate the showing of motion pictures have been held invalid since complete licensing regulations were vested in the State Education Department, under the provisions of the Education Law (Monroe Amusements v. City of Rochester, 190 Misc. 360; Burstyn, Inc. v. McCaffrey, 198 Misc. 884). A city has been held unable to pass a resolution requiring milk for sale in the city to be pasteurized in the city. The State of New York has preempted this field by its passage of the State Sanitary Code (Matter of Tenny v. Sainsbury, 7 A D 2d 514). A town zoning ordinance prohibiting the sale of alcoholic beverages within a half mile of a school was held invalid because the State had preempted with its Alcoholic Beverage Control Law (Grundman v. Town of Brighton, 1 Misc 2d 860).
Hawker and peddler ordinances have been held invalid where they attempted to regulate a business field regulated by the State under statutes of State-wide applicability. In People v. Wile (208 Misc. 548) it was held that a village ordinance could not require a hawker and peddler permit for one licensed by the State Liquor Authority as a beer salesman. In Hearthstone Ins. Co. of Massachusetts v. Village of Penn Yan (53 Misc 2d 359), a village could not require a peddler’s license for an insurance agent who was licensed to do business by the State.
Although not material to our decision, we note that the State Attorney-General, under his Consumer Fraud Division, has proceeded against this defendant on complaints arising out of its business activities in the State (1971 Report of the Department of Law, p. 65).
We must conclude that the plaintiff’s hawkers and peddlers ordinances, in seeking to regulate the activities of trading stamp companies registered under article 29-E of the General Business Law, are invalid; that the State of New York has preempted this field.
On the argument of the motion herein, the plaintiff handed up to the court an affidavit of one John Falk in which the latter identified himself as one of the defendant’s distributors. The plaintiff used this affidavit to assert for the first time that the defendant should be restrained because its sale of distributorships is, in effect, the sale of securities, and that such a sale is, *683 without proper clearance, a violation of the Federal Securities Act of 1933. (U. S. Code, tit. 15, §§ 77a-77aa.)
A motion for a preliminary injunction is one in aid of the complaint-stated cause of action for a permanent injunction (CPLR 6312). The court cannot, at this time, entertain the argument inspired by the Falk affidavit because it is not part of the subject matter of the action for a permanent injunction (CPLR 6301) which is restricted solely to the defendant’s failure to take out a hawker’s and peddler’s license. This argument should be considered if and when the complaint is amended to allege a violation of the Federal Securities Act. (Quaere: are such violations exclusively within the jurisdiction of the Federal courts? See Securities Exchange Act of 1934; TI. S. Code, •tit. 15, § 78aa.)
The Falk affidavit, although containing nothing about the charge, also gave rise to an argument by the plaintiff that the defendant’s trading stamp business is only a camouflage for its real business, a nefarious, pyramiding sale of distributorships, a chainletter-like operation conducted in person rather than by mail. (See 1971 Report of Dept, of Law, supra.) We must disregard this implication because it is nowhere spelled out or even suggested in the motion papers or in the pleadings. A motion must be supported by affidavits (CPLR 2214), not innuendo. A petitioner must make his case for a preliminary injunction by sworn documents containing factual data. Even affidavits, if stated on information and belief, are insufficient. (See 7A Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 6312.06.)
The petition for a preliminary injunction must be denied and the temporary stay vacated.