Edward J. Greenfield, J.
This is an action for declaratory judgment in which plaintiffs seek to have Local Laws Nos. 45, 46 and 47 of the Local Laws of the City of New York of 1976 (Administrative Code of City of New York, §§ D17-4.0, E1724.0, 415 [1]-17.0, 415 [1]-17.1) declared null and void. Plaintiffs have moved for a preliminary injunction enjoining implementation of the aforesaid local laws pending a trial and defend *946 ant City of New York has cross-moved to dismiss the complaint or in the alternative for a declaration that Local Laws Nos. 45, 46 and 47 are constitutional and valid.
As all parties agree that there is no dispute as to the facts, defendant’s motion will be treated as a motion for summary judgment.
Local Law No. 45 reduced from three years to one year the period after which an in rem action for foreclosure of a tax lien may be commenced. Local Laws Nos. 45 and 46 increased the interest on (a) unpaid real estate taxes and (b) unpaid water and sewer rents respectively to 15%.
Plaintiffs contend that the City Council exceeded its power in enacting Local Law No. 45 and that the aforesaid law is unconstitutional because it does not apply to all defaulting owners equally. Plaintiffs further contend that Local Laws Nos. 46 and 47 are punitive, confiscatory and in effect constitute an additional tax, and thus are beyond the power of the City Council to enact.
It is well settled that all taxing power in the State of New York is granted to the Legislature pursuant to section 1 of article III and section 1 of article XVI of the State Constitution (Matter of United States Steel Corp. v Gerosa, 7 NY2d 454; Society of Plastics Ind. v City of New York, 68 Misc 2d 366). However, the State may delegate to the county or city the power to assess and collect taxes (Matter of Roosevelt Raceway v County of Nassau, 18 NY2d 30). It is defendant’s position that it had the power to enact the local laws in question pursuant to the Municipal Home Rule Law.
Local Law No. 45 enacted by the City Council amended section D17-4.0 of title D of chapter 17 of the Administrative Code of the City of New York, and was the first local legislation on the subject. Title D had been added to the code by the State Legislature in 1948 (L 1948, ch 411). The original law provided for a four-year foreclosure. In 1970, the Legislature amended the section to reduce the four-year period to three years for all but one- or two-family homes, but where a building was abandoned a one-year period applied (L 1970, ch 746). In 1973, the Legislature provided for a different method of foreclosing on abandoned buildings (Real Property Actions and Proceedings Law, art 19-A, added by L 1973, ch 864) and in 1975, the one-year provision was deleted from the in rem foreclosure law (L 1975, ch 823).
Section 10 of the Municipal Home Rule Law gives the city *947 the power to adopt and amend local laws not inconsistent with (1) the provisions of the Constitution or with any general law (Municipal Home Rule Law, § 10, subd 1, pars [i], [ii]). Although the delegation to cities under home rule laws does not give a city the legal authority to enact any and all ordinances it may deem desireable for the welfare of the city, (Patterson v Daquet, 62 Misc 2d 106), the New York State Constitution and the Municipal Home Rule Law expressly gives cities the authority to adopt local laws relating to the collection and administration of taxes (NY Const, art IX, §2; Municipal Home Rule Law, § 10). Moreover, under section 10 (subd 1, par [ii], cl a, subd [9]), with respect to collection of local taxes authorized by the Legislature, only county, town and village local laws (not city local laws) are required to be consistent with laws enacted by the Legislature.
As there is nothing in the Municipal Home Rule Law prohibiting the city from enacting a local law relating to the collection of local taxes which is inconsistent with a special law, plaintiffs’ contention that Local Law No. 45 is inconsistent with special law. Chapter 823 of the Laws of 1975 does not make the challenged law invalid.
Plaintiffs also appear to contend that Local Law No. 45 is invalid because it is inconsistent with a general law. It is clear that a general statute dealing with State functions, applicable State-wide, cannot be changed by the city’s enactment of local laws. (City of Utica v Mercon, Inc., 71 Misc 2d 680; Matter of Schlobohm v Municipal Housing Auth., 188 Misc 318, revd on other grounds 270 App Div 1022, affd 297 NY 911). However, plaintiffs have not shown that Local Law No. 45 is inconsistent with any general law. A general law is one applied to all counties, cities, towns or villages. Plaintiffs’ reference to chapter 692 of the Laws of 1939 is inapposite. Chapter 692 of the Laws of 1939 permitted municipalities to enact local laws for in rem foreclosure. The city did not choose to enact a local law pursuant to that statute. The argument that the city could not have enacted an in rem foreclosure law pursuant to chapter 692 of the Laws of 1939 providing for a one-year waiting period has no relevance to the validity of the challenged law.
Plaintiffs’ contention that only the Legislature can amend a special law is not supported by the cases cited. In Abeline v Firemen’s Benevolent Fund Assn. (55 Misc 2d 406) the court stated that it was its opinion that where a special statute had been enacted by the Legislature designating the recipient of *948 certain tax funds as provided by statute, that designation can only be changed by the Legislature. Section 553 of the Insurance Law, specifically provided that except as otherwise provided in a special law, such taxes shall be paid to the treasurer of the fire company or companies whose obligation it is to render fire protection. No similar governing statute is present in the case at bar. Patterson v Daquet (62 Misc 2d 106, supra), also cited by plaintiffs, deals with the power of a city, State or Nation to delegate to a private agency the right to make its own rules and regulations having the force of law. The legislation under attack was a provision for regulation by a private body sanctioned by no law or authority, which would impinge on freedom of contract.
Plaintiffs also contend that the challenged law violates the equal protection clauses of the Federal and State Constitutions because it does not apply to all delinquent owners equally.
In determining whether a law violates the equal protection clause the court must look' to the facts and circumstances behind the law, the interests claimed to be protected and those who are disadvantaged. (Williams v Rhodes, 393 US 23.) Although defendants contend that all one- and two-family dwellings and condominiums are exempted from the provisions of the law, a reading of the law shows that only owner-occupied one- and two-family homes with real estate taxes of not more than $2,000 per year are exempted. A similar exemption existed in the State law enacted by the Legislature in 1970 (ch 746) reducing the four-year period to three years, but was deleted in the 1975 law (ch 823). The court finds as a matter of law that there is a sufficient basis for the distinction. The legislative declaration states that it is the intention of the council to provide relief for individual owners who reside in one- or two-family dwellings and who do not receive substantial income from tenants as a source of income accountable to city real property taxes. Plaintiffs do not dispute that the shorter one-year period was motivated in part to discourage owners from "milking” their property and that the three-year period simply meant that the city was the last to be paid in a distress situation. This problem is not presented with owner-occupied one- and two-family buildings. It should also be noted that in shortening the period from four to three years, the. State statute exempted one- and two-family dwellings.
*949 Plaintiffs’ contention that Local Laws Nos. 46 and 47 are void is based on the contention that they are arbitrary and in effect a tax. The court finds no merit to plaintiffs’ contention. The City Council felt that many landlords were financing themselves on the city’s back by a rate which was less than the prevailing second mortgage rate. The increase in the interest rate to 15% has not been shown to be arbitrary. With respect to the power of the council to enact legislation to increase the interest rate, the basis for upholding the validity of Local Law No. 45, applies equally to Local Laws Nos. 45 and 46.
In recapitulation, the court finds that Local Laws Nos. 45, 46 and 47 are authorized by the State Legislature and that Local Law No. 45 does not violate the equal protection clauses of either the Federal or State Constitutions and that Local Laws Nos. 46 and 47 are not arbitrary or confiscatory.
Accordingly, Local Laws Nos. 45, 46 and 47 of 1976 are declared constitutional and valid and the preliminary injunction is denied.