Hon. Marc L. Parris Rockland County Attorney
This is in response to your request for an opinion whether the Rockland County Legislature may enact a proposed local law providing, inter alia,
as follows:
 "1. It shall be illegal for any person or persons, corporation, or other entity to introduce into any water line located on property owned by the County of Rockland or within any easement held by the County of Rockland, water containing any foreign substance whatsoever added thereto, PROVIDED, HOWEVER, that any person or persons, corporation or other entity may continue to add, to said water supply, any substance which was added thereto on or before January 1, 1980.
"2. (a) * * *
 (b) It shall be the duty of any public officer of the County of Rockland who shall have control over any property or easement owned or held by the County of Rockland, upon which said water lines are located, to terminate the flow of any water containing substances added thereto in violation of this law, immediately."
It is noted that the proposed law contains no definition of the term "foreign substance" and differentiates between substances permitted and substances prohibited solely on the basis of the date upon which introduction of a "foreign substance" commenced.
Essentially, the proposed law would prohibit the introduction of "foreign substances" into water lines located on property which Rockland County owns (or over which it holds an easement) and also prohibit transmission of water containing a "foreign substance", added after January 1, 1980, through water lines located on such property. Since, as specifically authorized by Transportation Corporations Law, § 43, water companies normally lay their mains and distribution lines in and along the beds of public streets and highways, the proposed law would, in effect, prohibit the addition of any "foreign substance" into water transmitted through pipelines in and along all county owned highways, a not inconsiderable portion of the total public water supply of Rockland County.
While the proposed law contains neither a statement of purpose nor any indication of the evil sought to be avoided, it obviously relates to protection of public health and sanitation, an area in which a county is specifically authorized to adopt and enforce ordinances "provided that such ordinances are not inconsistent with the provisions of this chapter [the Public Health Law] or the sanitary code." (Public Health Law, §347 [c].) Thus, our initial concern must be whether any provision of the Public Health Law or the State Sanitary Code regulates the same subject area and, if so, whether the provisions of the proposed local law are consistent with them. Since "[t]he provisions of the sanitary code of a county or part-county health district shall have the force and effect of law" (Public Health Law, § 348 [1]), we must also determine whether the provisions of the proposed law are consistent with the provisions of the Sanitary Code promulgated by the Rockland County Health District.
The State Sanitary Code, in 10 (A) NYCRR, Part 5, Subpart 5-1, contains detailed provisions for regulation of public water systems, which, by definition, include "collection, treatment, storage and distribution systems facilities * * * used in connection with such system" (10 [A] NYCRR, § 5-1.2 [u]). Among other things, Subpart 5-1 makes detailed provision for "Approval of fluoridation of public water systems" (§ 5-1.24), "Providing Treatment for public water systems" (§ 5-1.30); maximum contaminant levels permitted for inorganic chemicals (§ 5-1.51), organic chemicals (§ 5-1.52), turbidity (§ 5-1.53), microbiological contaminants (§ 5-1.54) and radioactivity (§ 5-1.55).
The Rockland County Sanitary Code contains, in Article XVI, provisions mandating that, on or before April 1, 1980, all community water systems "add or remove, in a manner approved by the New York State Commissioner of Health, a measured amount of fluoride ion so as to maintain the fluoride ion content" at specified levels (Article XVI, section II).
Inconsistencies between the proposed local law, on the one hand, and the provisions of the State and Rockland County Sanitary Code, on the other, are immediately apparent. For example, the former would forbid the addition of fluoride ion — a "foreign substance" which, I am informed by the Rockland County Health District, was not introduced into the public water supply prior to January 1, 1980 — while the latter would mandate its addition. Other possible areas of inconsistency appear from the fact that the State Sanitary Code expressly sanctions contaminants not to exceed prescribed levels.
Thus, the proposed local law, being inconsistent with a general law of the State, would exceed the power to adopt local laws conferred upon the County by Public Health Law, § 347 (c). Accordingly, the proposed law is beyond the powers of the Rockland County Legislature to enact and would be invalid (Wholesale Laundry Bd. v City of New York,17 A.D.2d 327 [1st Dept, 1962], affd 12 N.Y.2d 998 [1963]). As stated inCity of Utica v Mercon, Inc., 71 Misc.2d 680, 681 (Sup Ct, Oneida County, 1972):
 "First, it is a basic principal that the State is sovereign; that, while local governments are granted some rights of home rule (N.Y. Const., art. IX), these are dependent on their not being inconsistent with any general law of the State (Municipal Home Rule Law, § 10, subd. 1). A general statute dealing with State functions, applicable State-wide, cannot be changed by a city's enactment of a local law * * *."